No. 19,799.

Maxine L. Hutchinson v. Jack L. Hutchinson.

(367 P. [2d] 594)

Decided December 26, 1961.   Rehearing denied January 15, 1962.

Mr. J. H. Boutcher, Mr. John Gibbons, for plaintiff in error.

Mr. Joseph A. Myers, Mr. V. G. Seavy, Jr., for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the plaintiff in error as plaintiff or the

mother, and to defendant in error as defendant or the father.

The complaint filed by plaintiff is labeled as follows: "Complaint Under Reciprocal Support." In this ineptly drawn and rather confusing instrument it is alleged in substance that plaintiff and defendant were once husband and wife; that in 1944 a divorce decree was entered in a district court of the State of Texas; that two children were born as the issue of the marriage, one of whom was born following the divorce decree; that the said children (aged 16 and 15 respectively) were "unemancipated and under the care and control of the plaintiff"; that they reside with the plaintiff in Arapahoe county; that "the said minor children and the plaintiff herein are in need of [and] entitled to support from the defendant under the statutory and common law, and the Reciprocal Support Act of the State of Colorado by virtue of the Order of the [Texas court] * * * requiring the defendant to pay into the court the sum of Thirty Dollars ($30.00) per month"; that defendant "has failed in his duty to support his aforesaid minor children by wilful refusal to properly provide for them since the date of said Order of Court and fifteen years have elapsed and the plaintiff is entitled to judgment by virtue of said decree in the amount of Five Thousand Five Hundred and Fifty Dollars * * *"; that defendant is able-bodied and working in Denver where he resides; and that "the aforementioned dependent children are in need of support from said defendant herein in an amount not less than $100.00 per month." The complaint contains the following statement: "* * * these proceedings are brought under the Reciprocal Support Laws of Colorado which are similar to such support laws in the State of Texas." The foregoing quotations and summary are sufficient to explain why we have described the complaint as an "ineptly drawn and confusing instrument."

The prayer of the complaint contains six separate requests for relief. We quote two of them as follows:

"e. That an Order be entered herein entering judgment for relief as may be deemed fair and responsible and for such monthly payments as shall be proper from the defendant to the plaintiff, and that the Court consider the arrears of the defendant in the amount of Five Thousand Five Hundred and Fifty Dollars ($5,500.00) and if advised enter judgment therefor.

"f. Plaintiff further prays for such other further relief as the law provides may be determined by the Court of this State."

Counsel for defendant filed a Motion to Dismiss and assigned as grounds, inter alia, the following:

"1. The Complaint fails to state a claim upon which any relief could be granted against this Defendant.

"2. The Court is without jurisdiction of the subject matter herein.

"3. The action is not brought in the name of the real parties in interest."

The action was originally filed in the district court of Arapahoe county but was removed to the district court of the City and County of Denver on motion for change of venue.

Following a hearing on the Motion to Dismiss, the trial court ruled as follows:

" * * * The Court is going to dismiss this cause because the complaint does not state a claim for relief. A motion for a new trial is dispensed with. The Court takes the attitude that this is a final and appealable judgment."

We conclude from the comments of the trial court and of counsel at the hearing, as disclosed by the transcript, that the court yielded to an erroneous compulsion to limit plaintiff to the theory of recovery under the Reciprocal Support Act, or that the action was to enforce an order of a Texas court awarding $30.00 per month support money, delinquent for a period of fifteen years, under the full faith and credit clause of the United States Constitution.

We can very well understand that the discon-

nected and rambling references to a judgment of the Texas court, and the label affixed to the complaint coupled with the statement that "these proceedings are brought under the Reciprocal Support Laws of Colorado * * *," tended to lead the trial court astray. Nevertheless under our Rules of Civil Procedure the title by which a litigant may designate a pleading is not controlling. One does not stand or fall on a "theory" or "cause of action," as obtained under the practice prior to adoption of the rules. The substance of the claim rather than the appellation applied to the pleading by the litigant is what controls. If from the allegations of the complaint the plaintiff is entitled to relief under any "theory," it is sufficient to state a claim. We direct attention to *Bridges v. Ingram et al.,* 122 Colo. 501, 223 P. (2d) 1051, from which we quote the following:

"Rule 1 C(a) provides, inter alia, that the rules 'shall be liberally construed to secure the just, speedy, and inexpensive determination of every action.' Rule 8 C(a) provides that a pleading setting forth a claim for relief shall contain, '(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled.' Rule 8(f) provides that, 'All pleadings shall be so construed as to do substantial justice.' Rule 54(c) contains the following, 'Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.'

\* \* \*

"\* \* \* We are no longer concerned with meeting technical requirements of theories of causes of actions. In construing the rules of civil procedure applicable to this cause we endeavor to ascertain the spirit and intent of the rules as reflected by the language employed. Prior to the adoption of the said rules it frequently happened that a litigant failed to secure the redress of a wrong for

the reason that he misapprehended the theory of his technical 'cause of action,' and found himself out of court without any determination of the facts upon which he relied. We are fully convinced that the rules of civil procedure were intended to deemphasize the theory of a 'cause of action,' and to place the emphasis upon the facts giving rise to the asserted claim. If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the facts, the substantive law provided relief upon any 'theory,' the cause should proceed to judgment. * * *"

■ From a perusal of the complaint here, the following may be gleaned: Defendant is alleged to be the father of the minor children of the parties; that he has failed and refused to provide support for them for a period of fifteen years; that they are in need of support and he has the means and ability to provide it. If these allegations are established by evidence, appropriate relief should be granted. *McQuade v. McQuade,* 144 Colo. 11, 354 P. (2d) 597.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed, with leave to the plaintiff to amend her pleadings as she may be advised.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.