No. 22266.

Frank Vance, d/b/a Highland Water & Supply Co. v.
St. Charles Mesa Water Association.
(460 P.2d 782)

Decided November 10, 1969.

STINEMEYER & STINEMEYER, WILLIAM R. STINEMEYER, RAPHAEL J. MOSES, for plaintiff in error.

PATTI F. O'ROURKE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE parties appear here in the same order as in the trial court and will be referred to as plaintiff and defendant. Both parties operate systems which distribute domestic water. The plaintiff sought to establish that the defendant was unlawfully extending its services into the area served by the plaintiff, and on this basis it sought to recover damages and to obtain an injunction. The complaint contained three statements of claim, each of which the defendant moved to dismiss for failure to state a claim upon which relief could be granted. The district court granted the defendant's motion as to the first and third statements of claim, with leave to amend, and denied it with respect to the second statement of claim. The plaintiff elected not to amend. Later the court sustained the defendant's motion for a more definite statement or a bill of particulars as to certain matters in the second statement of claim. Plaintiff did not file a more definite statement or bill of particulars and as a result the trial court dismissed the second statement of claim. On oral argument here counsel for the plaintiff stated that he was not pressing alleged error with respect to dismissal of the second statement of claim, and we therefore restrict ourselves to a consideration of the dismissal of the first and third statements of claim. We reverse.

After the briefs were filed the attorney who handled the representation of plaintiff departed this life. The attorney who made the oral argument for plaintiff had not previously participated in the case.

The allegations in question are contained in the first

statement of claim and incorporated by reference in the third statement of claim. Therefore, disposition of the motion as to these two statements of claim should be the same.

The complaint did not allege specifically that the plaintiff was operating under a certificate of convenience and necessity issued by the Public Utilities Commission as provided by C.R.S. 1963, 115-5-2. Therefore, the defendants argued, the complaint was fatally defective. While the court gave no reason for its order granting the motion for dismissal, we assume that it agreed with this argument. The complaint contained the following allegations: "That on or about the 1st day of June, 1937, the Plaintiff made application to the Public Utilities Commission of the State of Colorado, for permission to operate as a public utility, and thereafter and on the 20th day of July, 1937, the Public Utilities Commission of the State of Colorado, acting pursuant to law issued a Schedule of Rates for Water, applying to the territory described as 'Blende District' effective August 20, 1937; that since on or about August 20, 1937, the Plaintiff acting as a Public Utility has constructed, operated and maintained a domestic and municipal water supply system in the 'Blende District' and has at all times been prepared to furnish water to all inhabitants of said 'Blende District' for domestic and municipal purposes at the rates prescribed by the Public Utilities Commission, and has in each year, including the calendar year 1964, filed all reports as required by the Rules and Regulations of the Public Utilities Commission of the State of Colorado.

* * *

"That . . . the Defendant . . . without first having obtained the consent of the Plaintiff, Frank Vance, or the Public Utilities Commission of the State of Colorado, wrongfully and unlawfully have constructed, or caused to be constructed, during the calendar year 1964, and the month of January, 1965, certain water mains and lines in the 'Blende District' of Pueblo County, Colorado for

the express purpose of supplying water for domestic and municipal purposes to the area now served by the Plaintiff."

Among the arguments presented by plaintiff were the following: (1) that the proof would show that plaintiff was a de facto public utility and as such was entitled to the relief prayed; (2) that the proof would show that the Public Utilities Commission had recognized the plaintiff as a public utility with the result that plaintiff's rights were the same as if a certificate of convenience and necessity had been issued to him; (3) that the proof would show that former owners of plaintiff's business had commenced operations prior to the adoption of the Public Utilities Act in 1913 and the reenactment of it in 1917, and that plaintiff was entitled to operate under the "grandfather clause" of those acts without any certificate. Colo. Sess. Laws 1913, ch. 127, §35(a) and Colo. Sess. Laws 1917, ch. 110, §35(a); and (4) that plaintiff may have a certificate of public convenience and necessity.

The disposition of this case could have been materially shortened had plaintiff amended the first statement of claim to show more specifically the basis of his claimed existence as a public utility entitled to seek the requested relief. However, the matter was handled otherwise and we must consider it as it is rather than as it possibly should have been.

██ The purpose of a complaint under our rules of civil procedure is to afford the defendant reasonable notice of the general nature of the matter presented. "If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important." *Bridges v. Ingram*, 122 Colo. 501, 223 P.2d 1051.

The above quoted allegations gave notice of the fact that somehow plaintiff was operating under the aegis of the Public Utilities Commission. From the allegation to the effect that defendant was unlawfully proceeding,

without obtaining the consent of the plaintiff or the Public Utilities Commission, there is a fair inference that plaintiff had the right to maintain this action.

We do not attempt to reach a conclusion as to whether proof of any of the theories suggested by plaintiff will support a judgment in his favor. We simply hold that the portions of the complaint considered here afforded sufficient notice of the nature of the plaintiff's claims, and that he is entitled to attempt to show by proof that he is a public utility with rights which have been violated by defendant. The trial court can then rule on any issues presented.

Judgment reversed with instructions to deny the motion to dismiss with respect to the first statement of claim and third statement of claim and to reinstate them for further proceedings.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.