524 P.2d 624 (1974)
J. BLAKE, Assignee of Walter Seltzer, Plaintiff-Appellant,
v.
Gerald P. SAMUELSON d/b/a Bowl & Board, Defendant-Appellee.
No. 73-249.
Colorado Court of Appeals, Div. I.
June 25, 1974.
*625 William R. Young, Denver, for plaintiff-appellant.
Douglas G. McKinnon, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
In this appeal from a judgment dismissing an action to recover on a check, the sole issue presented for review is whether the amended complaint sufficiently sets forth a claim for relief under C.R.C.P. 8(a). We conclude that it does and reverse the judgment.
The amended complaint alleged: (1) That the plaintiff's assignor was a holder in due course, as defined by C.R.S.1963, XXX-X-XXX, of a check in the amount of $5007.50 wherein the plaintiff's assignor was the payee; (2) That the check was dishonored by the bank of the defendant-maker because of insufficient funds; (3) That after the check had been returned, the defendant paid $2,000 to the plaintiff's assignor, leaving due and payable on the check the sum of $3007.50 which the defendant refused to pay; and (4) That all the right, title and interest in the check and the unpaid balance had been assigned to the plaintiff. A copy of the check was also attached to and made a part of the amended complaint. In response to plaintiff's request for admission of facts and genuineness of documents pursuant to C.R.C.P. 39, the defendant admitted the authenticity of the check and of his signature.
In finding that plaintiff's complaint failed to state a claim, the trial court concluded that a negotiable instrument in the form of a check does not show prima facie consideration and, that therefore, plaintiff is required to allege facts which, if proven, would show that the defendant was indebted to plaintiff's assignor. This conclusion was in error. Defendant argues before us that the plaintiff in her amended complaint did not allege sufficiently detailed facts to establish her assignor as a holder in due course of the check and further asserts that the allegation that plaintiff's assignor was "holder in due course" is a mere conclusion of law insufficient to state a claim for relief. We disagree.
C.R.C.P. 8(a) provides that a complaint shall contain, inter alia: "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Under this rule pleadings need only serve notice of the claim asserted and need not express a complete recitation of all the facts which support the cause of action. Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217.
In an action on a negotiable instrument C.R.S.1963, XXX-X-XXX(2), sets forth the requirements of a prima facie case, as follows:
"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."
And, Official Comment 2 to this section states:
"Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. The provision applies only to a holder, as defined in this Act (Section 1-201). Any other person in possession of an instrument must prove his right to it and account for the absence of any necessary indorsement. If he establishes a transfer which gives him the rights of a holder (Section 3-201), this provision becomes applicable, and he is then entitled to recover unless the defendant establishes a defense."
Although this statute on its face is concerned with evidentiary burdens of proof, it is also determinative of the sufficiency *626 of allegations required to state a claim for relief in an action to recover on a negotiable instrument. Therefore, consistent with this statutory provision, we rule that an assignee of a negotiable instrument suing thereon need not plead the specific facts from which his assignor derives the status of a holder in due course. See Continental Illinois Bank & Trust Co. v. Security State Bank, 182 N.W.2d 116 (Iowa); and Peoples Bank v. Haar, 421 P.2d 817 (Okl.).
In the instant case plaintiff alleged that her assignor was a holder in due course and that the instrument by assignment had been regularly transferred to her. This was sufficient under both C.R.S. 1963, XXX-X-XXX, as to the holder status, and C.R.S.1963, XXX-X-XXX, as to the transfer. Thus, under C.R.C.P. 8 and applicable provisions of the Uniform Commercial Code, plaintiff's amended complaint sufficiently sets forth a claim for relief.
The judgment is reversed and the cause remanded with directions to reinstate the amended complaint and for further proceedings thereon.
PIERCE and RULAND, JJ., concur.