**James B. DiCHELLIS, Plaintiff-Appellant,**

v.

**PETERSON CHIROPRACTIC CLINIC and Joseph Dick Peterson, Defendants-Appellees.**

No. 80CA0936.

Colorado Court of Appeals, Div. II.

May 21, 1981.

---

James M. Croshal, Pueblo, for plaintiff-appellant.

Petersen & Fonda, P.C., Garrett Fonda, David W. Crockenberg, Pueblo, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, James B. DiChellis, appeals a summary judgment in favor of defendants, Peterson Chiropractic Clinic (the clinic) and Dr. Joseph Dick Peterson, entered on the ground that plaintiff did not commence his malpractice action within the period specified by the appropriate statute of limitations. We reverse.

From the admissions in the pleadings, the exhibits, affidavits, and depositions, it appears that on April 18, 1975, plaintiff went to the clinic to have his ankle treated. An individual at the clinic treated the ankle. Then, although plaintiff allegedly did not complain of any problems other than his ankle, Dr. Peterson began a series of manipulations of plaintiff's neck, spine, and shoulders. Plaintiff returned to the clinic the next day complaining of a great deal of pain. Dr. Peterson allegedly informed plaintiff that he could expect to be extremely sore after manipulation. Plaintiff then contacted an orthopedic surgeon concerning several physical problems, but the surgeon concluded that there was nothing wrong with plaintiff. Plaintiff, who was still in pain, returned to the clinic and was treated until August 9, 1975, by individuals other than Dr. Peterson. Thereafter, he consulted with numerous other physicians and allegedly discovered that as a result of

the manipulation performed by Dr. Peterson he had suffered several injuries to his back.

On March 23, 1977, the plaintiff, *pro se*, presented to the clerk of the district court a letter petition to waive filing fees together with a document stating:

"District Court of Pueblo County

I wish to file suit against Dr. Joseph Peterson of the Peterson Chiorpractic [sic] Clinic for personal injury and/or medical malpractice as a result of manipulation to my neck and spine on or about April 4, 1975.

> James B. DiChellis
> plaintiff
> 309 Quincy
> Pueblo Colo 81004."

The court signed an order waiving filing fees. These documents were filed on March 28, and the file was assigned a civil docket number. Dr. Peterson was not served with a summons or a copy of the documents. *See Nelson v. District Court*, 136 Colo. 467, 320 P.2d 959 (1957).

On June 1, 1978, plaintiff was ordered to show cause within 30 days why the case should not be dismissed for failure to prosecute. On June 27, plaintiff, through an attorney, filed a document entitled "complaint" against the clinic and Dr. Peterson. Defendants were served with a copy of this complaint; no summons was served.

Defendants timely answered and pled the statute of limitations as an affirmative defense. After disposition of preliminary matters and discovery proceedings, defendants moved for summary judgment. In granting the motion, the court concluded: (1) that the March 1977 document was not a complaint because it used the precatory language "I wish" and because it did not contain a short and plain statement showing entitlement to relief and a demand for judgment; (2) that plaintiff did not consider "his epistle" a complaint because a complaint, and not an amended complaint, was filed in June 1978; (3) that plaintiff "discovered the alleged injury and became aware of it or in the exercise of reasonable diligence and concern should have discover-

ed the seriousness and character of his injury and the negligence of the defendants, if any, on April 18, 1975"; and (4) that no complaint having been filed within the two year statute of limitations, the action was barred on April 18, 1977.

I

On appeal, plaintiff first contends that the March 1977 document was a complaint, the filing of which tolled the statute of limitations. We agree.

■ In a court of general jurisdiction, a complaint shall contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the entitled relief. C.R.C.P. 8(a). Its purpose is to provide the defendant with reasonable notice of the general nature of the matter presented. The essential element to provide that notice is the short and plain statement of the claim. *See Vance v. St. Charles Mesa Water Ass'n*, 170 Colo. 313, 460 P.2d 782 (1969); *Bernstein v. Dun & Bradstreet, Inc.*, 149 Colo. 150, 368 P.2d 780 (1962). While a demand for judgment is necessary, *see Jacobson v. Doan*, 136 Colo. 496, 319 P.2d 975 (1957), if the plaintiff is entitled to any relief under his stated claim, such relief may be granted, regardless of the specific relief contained in the demand for judgment. *See Flemming v. Colorado State Board of Education*, 157 Colo. 45, 400 P.2d 932 (1965); *Berryman v. Berryman*, 115 Colo. 281, 172 P.2d 446 (1946).

■ Here, the March 23 document advised that Dr. Peterson would be expected to defend against a personal injury and/or medical malpractice action and indicated that the basis for the action was a manipulation to plaintiff's neck and spine on or about April 4, 1975. And, although no specific demand for judgment was made, implicit in the language used is the claim that the plaintiff suffered physical injury as a result of Dr. Peterson's acts and that he is demanding monetary damages therefor. The document complied in substance with C.R.C.P. 8(a). *See Hutchinson v. Hutchinson*, 149 Colo. 38, 367 P.2d 594 (1961).

Nor did the use of precatory language prevent the document from being a complaint. The document was signed James B. DiChellis—"plaintiff" and was submitted along with a petition and unsigned order to waive the docket fee. This order was signed by a district court judge and these documents were filed and assigned a civil docket number. From the substance of plaintiff's conduct, it is apparent that he intended to file suit at that time and was not expressing an intention to file suit in the future. *Cf. J & K Construction Co. v. Molton*, 154 Colo. 214, 390 P.2d 68 (1964).

Furthermore, the filing of the June 1978 "complaint" does not mean that the March 1977 document was merely an "epistle." Insofar as Dr. Peterson was concerned, in substance and effect the June 27 pleading was an amended complaint. *See Hutchinson v. Hutchinson, supra.* It made the 1977 complaint more definite, and set forth no new claims as to him. In addition, the 1978 pleading was filed under the docket number assigned when the 1977 complaint was filed, no docket fee was required, nor was any waiver requested.

Therefore, the action against Dr. Peterson was instituted on the filing of the complaint in March 1977, even though notice was not given to him. *See* C.R.C.P. 3. The statute of limitations was tolled from that date. Summary judgment was improperly entered.

## II

■ The clinic was not named as a defendant until the June 1978 pleading was filed. Under § 13–80–105, C.R.S. 1973, plaintiff's action against the clinic had to be commenced within two years after he "either discovered or in the exercise of reasonable diligence and concern should have discovered the seriousness and character of his injuries and the negligence . . . which gave rise to such action." If, as the district court concluded, plaintiff had the requisite knowledge on April 18, 1975, then his claim against the clinic clearly was barred by the statute of limitations.

However, the determination of when plaintiff discovered or should have discovered the seriousness and character of his injuries and the negligence giving rise to his cause of action is an unresolved question of fact. Therefore, it is a question for the jury to determine, and summary judgment as to the clinic was improper. *See McCormick v. Diamond Shamrock Corp.*, 175 Colo. 406, 487 P.2d 1333 (1971); *Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970).

Since this matter is being remanded for further proceedings, it should be noted that § 13–80–105, C.R.S. 1973, was amended in 1977, and in the enabling act it was provided that:

"This act shall take effect July 1, 1977, and shall apply to all civil actions defined herein; except that all causes of action which are existing on the effective date of this act shall not be barred until one year after the effective date of this act or until the expiration of the period of limitations, whichever is longer." *Colo. Sess. Laws* 1977, ch. 198, § 5.

Therefore, if plaintiff's claim accrued on or after July 1, 1975, his action would still have existed on July 1, 1977, and the limitations period would not have expired until July 1, 1978. If, however, it is determined that plaintiff's claim accrued before July 1, 1975, then the two year statute of limitations would have run prior to the filing of the action against the clinic, and a motion to dismiss the clinic from the suit would be appropriate.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

PIERCE and KELLY, JJ., concur.