**Serena E. CHAPPELL, a/k/a Serena E. Shoaf, a/k/a Serena Chappell Shoaf; and Dennis Dale Chappell, Plaintiffs-Appellants,**

**v.**

**Jerald V. BONDS; Sarah J. Bonds; and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees,**

**and**

**E.L. Shoaf; and the Federal Land Bank of Wichita, Defendants.**

No. 82CA1367.

Colorado Court of Appeals,
Div. II.

Dec. 8, 1983.
Rehearing Denied Jan. 12, 1984.

William H. Wiedemann, Pueblo, for plaintiffs-appellants.

No appearance for defendants-appellees.

KELLY, Judge.

Plaintiffs appeal an adverse summary judgment entered on their quiet title claim and an order dismissing their second amended complaint and awarding attorneys' fees to defendants Jerald and Sarah Bonds pursuant to § 13–17–101, C.R.S.1973 (1982 Cum.Supp.). We affirm in part and reverse in part.

This case arises from a dispute over the boundary separating property owned by the Bonds from an adjoining parcel owned by the plaintiffs. Originally both parcels were owned by Serena Chappell and J. Dale Chappell, plaintiffs' predecessors in interest. In 1963 the Bonds parcel was sold to Cecil L. Vulgamore. A survey of the Bonds parcel, known as the Doe survey, was made contemporaneously with the sale. Vulgamore subsequently conveyed his interest to Myrle and Elva Edens, who in turn conveyed to the Bonds on June 30, 1979.

Plaintiffs alleged in their complaint that, after the conveyance to Vulgamore, the Chappells and Vulgamore orally agreed to a boundary line between the parcels some yards north of the boundary set forth in the deed and described in the Doe survey. When the Bonds began occupying land south of the boundary allegedly established by oral agreement, plaintiffs brought suit seeking a preliminary injunction, a declaration of quiet title, and damages for trespass, assault, and conversion.

The trial court found that plaintiffs had conceded that they could not show superior title to the disputed property, and that the allegations of plaintiffs' amended complaint together with plaintiffs' admissions during the hearing on the motion for preliminary injunction established that no genuine issues of fact existed. Accordingly, it denied plaintiffs' motion for preliminary injunction and granted the Bonds' motion for summary judgment on all the claims set forth in plaintiffs' amended complaint.

The court permitted plaintiffs to amend the complaint a second time to state a claim that the Bonds were occupying land beyond the boundaries of their deed, but then granted the Bonds' motion to dismiss on the basis that the second amended complaint set forth no issues which were not resolved by the summary judgment. The court then entered judgment for defendants' attorneys' fees under § 13–17–101, finding that plaintiffs had brought and maintained the action despite knowledge that their claims were groundless.

## I.

Plaintiffs first contend that the trial court erred in finding that there was no genuine issue of fact concerning the location of the boundary. We disagree.

Plaintiffs conceded that an abstract of title introduced into evidence at the hearing on plaintiffs' motion for preliminary injunction accurately set forth the chain of title to the Bonds parcel, and that the Doe survey accurately represented the parcel conveyed by the original deed. Plaintiffs contend, however, that the boundary between the parcels was altered by an oral agreement between the Chappells and Vulgamore.

Conceding that § 38–44–101 et seq., C.R.S.1973 (1982 Repl.Vol. 16A) is inapplicable since the boundary has not been in existence for 20 years, plaintiffs argue that a new boundary line was established under the common law rule enunciated in *Schleining v. White*, 163 Colo. 481, 431 P.2d 458 (1967):

" 'When there is *doubt* or *uncertainty*, or a dispute has arisen, as to the true location of a boundary line, the adjoining owners may by parol agreement establish a division line; and, *where the agreement is executed and actual possession is taken under such agreement, it is conclusive against the owners and those claiming under them.'* " (emphasis in Schleining)

The rationale for this rule is that the compromise of conflicting claims constitutes consideration for a contract to convey land along the disputed boundary, and the marking or recognition of the boundary and taking of possession under the agreement constitute part performance removing the contract from the operation of the statute of frauds. *Restatement (Second) of Contracts* § 128 (1981) comment a; 2 *H. Tiffany, Real Property* § 653 (3rd ed. 1939). In order for such an agreement to be valid, the location of the boundary must be "honestly disputed," and the agreed boundary must be marked or recognized in the subsequent use of the tracts. *Restatement (Second) of Contracts* § 128(1) (1981). *See 12 Am.Jur.2d Boundaries* § 78; 2 *H. Tiffany, supra.*

Here, it was undisputed that the Bonds' parcel was surveyed when it was severed from the Chappell parcel. Thus, the Chappells and Vulgamore had constructive if not actual knowledge of the true location of the boundary between the parcels. Moreover, plaintiffs conceded that the oral agreement was not made to resolve a dispute between the Chappells and Vulgamore concerning the true location of the boundary. Finally, plaintiffs conceded that no

permanent fence or other monument had ever been constructed marking the boundary allegedly established by agreement. Hence, no honest dispute as to the location of the boundary could have existed, and the rule of *Schleining v. White, supra,* is not applicable.

## II.

 Plaintiffs next contend that the trial court erred in dismissing their second amended complaint. We agree.

The trial court ruled that since the second amended complaint contained language essentially identical to that found in the original amended complaint, it presented no issues not already resolved by the summary judgment. The second amended complaint, however, plainly stated that the Bonds "trespassed upon" and exerted control over a portion of the Chappell parcel not within the Doe survey. The second amended complaint is therefore sufficient to survive a motion for dismissal, *see* C.R. C.P. 8(a); *DiChellis v. Peterson Chiropractic Clinic,* 630 P.2d 103 (Colo.App. 1981), notwithstanding the similarity of its wording to that of the original amended complaint.

## III.

 Plaintiffs contend that the trial court erred in awarding the Bonds their attorneys' fees. We agree.

Section 13–17–101(3), C.R.S.1973 (1982 Cum.Supp.) provides that attorneys' fees may be awarded "in any suit involving money damages" if the trial court determines "that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless." Since the plaintiffs sought damages for trespass, conversion, and assault, the action is one in which attorneys' fees may be awarded pursuant to the statute, even though plaintiffs' recovery based on these claims depended upon the success of their quiet title action.

A claim or defense is frivolous, however, "if the proponent can present no rational argument based on the evidence or law in support of his or her claim or defense"; a complaint is groundless if "the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim, but which are not supported by any credible evidence at trial." *International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983).

Here, the trial court found that prior to the filing of the suit plaintiffs had in their possession two surveys indicating that the Bonds were rightfully in possession of the disputed property, that plaintiffs were aware of the legal description of the defendants' parcel, and that plaintiffs knew that no permanent fences or monuments which could give the Bonds notice of plaintiffs' claim to the disputed land were ever erected. Nevertheless, the record does not show that the plaintiffs lacked an honest concern or uncertainty about the location of the boundary between the properties when this action was commenced. Under these circumstances, and in view of the law expounded in *Schleining v. White, supra,* the claim was neither frivolous nor groundless, and the award of attorneys' fees was improper.

In view of our disposition of these issues, it is unnecessary for us to address plaintiffs' remaining contentions.

The summary judgment in favor of defendants on plaintiffs' claim that a new boundary was established by parol agreement is affirmed; judgment awarding attorneys' fees to the defendants is reversed; judgment dismissing plaintiffs' amended complaint is reversed; and the cause is remanded with instructions to reinstate the second amended complaint.

SMITH and VAN CISE, JJ., concur.