ELIMINATOR, INC., a Colorado corporation, Plaintiff-Appellant and Cross-Appellee,

v.

4700 HOLLY CORPORATION, a Colorado corporation, and Robert M. Razor, Defendants-Appellees and Cross-Appellants,

and

G & G Company, a partnership, M.B. Glassman, Individually and as a partner in G & G Company, Defendants-Appellees.

Robert M. RAZOR and 4700 Holly Corporation, Plaintiffs-Appellees,

v.

L.C. FULENWIDER, INC., also known as the Fulenwider Company, Defendant-Appellant.

No. 81CA0431.

Colorado Court of Appeals, Div. II.

April 12, 1984.

Wolf & Slatkin, P.C., Albert B. Wolf, Jonathan L. Madison, Denver, for Eliminator, Inc., and L.C. Fulenwider, Inc.

Gorsuch, Kirgis, Campbell, Walker & Grover, C. Willing Browne, Catherine M. Meyer, Steven P. Bailey, Denver, for G & G Co. and M.B. Glassman.

Holland & Hart, Gordon G. Greiner, Constance C. Talmage, Gene Beville, Denver, for Robert M. Razor and 4700 Holly Corp.

KELLY, Judge.

Plaintiff, Eliminator, Inc., appeals the trial court's judgment entered after a trial to the court dismissing its claims against 4700 Holly Corporation (Holly) and Robert M. Razor for breach of a right of first refusal clause in a lease and against G & G Company and M.B. Glassman for tortious interference with its contract rights. Holly cross-appeals the trial court's judgment awarding Eliminator return of its security deposit. Fulenwider appeals dismissal of its claim for a broker's commission. We affirm in part and reverse in part.

Eliminator entered into a two-year lease with Holly for a portion of a building located in northeast Denver. Robert M. Razor, an officer of Holly, was responsible for business affairs related to the lease. A rider agreement incorporated in the lease contained the following provision:

> "The Lessee shall have the right of first refusal to purchase said property for the same amount and terms presented to the Lessor by a bona fide prospective purchaser...."

The rider agreement also provided that the lessor had the option to cancel the lease upon written 90-day notice to the lessee if the lease would preclude the sale of the property.

Approximately two months into the lease, Holly notified Eliminator by letter of its intention to convey the property to G & G Company in exchange for properties owned by G & G, valued by agreement between Eliminator and G & G Company at $335,000 and a supplemental cash payment of $100,000. The letter referred to right of first refusal and cancellation provisions of the lease agreement, and a copy of the proposed exchange agreement between G & G and Holly was attached to the letter.

Upon learning of the proposed exchange, Eliminator attempted to exercise its right of first refusal. Unable to purchase the property involved in the exchange to match the precise terms of the exchange contract, Eliminator offered to purchase the property for an amount adjusted to accommodate a commission reduction in the G & G exchange agreement and on terms including a three-year, interest-bearing note and deed of trust. Holly rejected Eliminator's offer.

### I. Eliminator's Appeal

#### A.

Eliminator contends that the trial court erred as a matter of law in ruling that the contract for an exchange of property, plus an additional sum of cash, was a contract for sale which would trigger Eliminator's right of first refusal.

In *Higbie v. Johnson,* 626 P.2d 1147 (Colo.App.1980), we determined that where the purchase price of the properties involved in a three-way exchange was negotiated and agreed upon by the parties at a *stated* figure, although the price was to be paid other than by cash, the value was measured in terms of money, and the transaction was not an exchange but a sale.

Here, the parties contemplated a transfer for a stated amount even though the price was to be paid other than by cash. The transfer of the leased property from Holly to G & G Company was, therefore, a "sale" for purposes of the right of first refusal held by Eliminator, and the form of transfer did not defeat Eliminator's right.

#### B.

Eliminator also argues that the trial court erred in concluding it could have matched the terms and conditions of the

offer. This argument is based on Eliminator's claim that Holly failed to give it timely notice of all the terms and conditions of the G & G offer; namely, it received no notice of separate agreements between Holly and G & G whereby G & G agreed, if necessary, to loan Holly money to pay off the first deed of trust on the leased property which contained a due on sale clause. We perceive no error in the trial court's ruling.

■ The exchange agreement expressly provided that the property would be transferred free and clear of any encumbrances. Since Eliminator received a copy of that agreement, it was placed on notice to inquire as to the existence of any encumbrances and their provisions. The deed of trust on the property was properly recorded, and that recording constituted notice to Eliminator. Section 38–35–109, C.R.S. (1982 Repl.Vol. 16A). By virtue of Eliminator's own failure to inquire further of Holly, it was unable to match the terms and conditions of the exchange offer.

The trial court found that Holly provided Eliminator with notice of all essential terms and conditions of the exchange agreement. Since there is ample support for these findings in the record, they will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### C.

■ Further, Eliminator contends that the trial court erred in ruling that Holly properly terminated the lease, arguing that its leasehold rights were violated when it was expelled before the expiration of the lease term. Termination, upon 90-day notice, was authorized by the lease if the existence of the lease precluded the sale of the property. This was, in fact, the situation. Holly provided Eliminator with the required written 90-day notice. We agree with the trial court that this was all that was necessary for Holly to terminate the lease.

### D.

■ Eliminator's claim that G & G Company and its partner, M.B. Glassman, were guilty of tortious interference with Eliminator's contract rights is without merit. The record supports the trial court's finding that there was no evidence to support the claim. *Page v. Clark, supra.*

### E.

■ Since Fulenwider's commission was based on the consummation of a sale between Eliminator and Holly, this claim must fail.

### II. Cross-Appeal of Holly

■ Holly claims that the trial court erred in awarding judgment in favor of Eliminator for return of the security deposit. We reject Holly's assertion that Eliminator cannot now make a claim for wrongful withholding of the security deposit because no specific allegations were included in the pleadings. Under C.R.C.P. 8 pleadings need only serve notice of the claim asserted and need not express a complete recitation of all the facts which support the claim for relief. *Blake v. Samuelson*, 34 Colo.App. 183, 524 P.2d 624 (1974). If the adverse party is afforded sufficient notice of the transaction involved, the theory of the pleader is not important. *Bridges v. Ingram*, 122 Colo. 501, 223 P.2d 1051 (1950). Eliminator's complaint is sufficiently broad to identify the transaction and inform Holly of the general nature of the action. This is all that is required. *Vance v. St. Charles Mesa Water Ass'n*, 170 Colo. 313, 460 P.2d 782 (1969).

■ However, the trial court erred in granting Eliminator recovery of the $2,800 balance without giving Holly an opportunity to present evidence concerning the disposition of the security deposit. Eliminator's argument that there was no objection to testimony with respect to the security deposit is unsupported by the record. We therefore remand to the trial court for further proceedings.

That part of the judgment awarding Eliminator the sum of $2,800 plus interest is reversed, and the cause is remanded for further proceedings on Eliminator's claim for recovery of the security deposit. The remaining portions of the judgment are affirmed.

SMITH and STERNBERG, JJ., concur.