Harry B. RIPLEY and Ruth C. Ripley

v.

Donald M. MERCIER and Jacqueline L. Mercier.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1984.

Decided Oct. 12, 1984.

Amerling & Burns, David P. Ray (orally), Portland, for plaintiffs.

Waterhouse, Carroll & Cyr, Thomas Danylik (orally), Biddeford, for defendants.

Before McKUSICK, C.J. and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Plaintiffs Harry and Ruth Ripley appeal from an order of dismissal by the Superior Court, York County, under M.R.Civ.P. 12(b)(6), of their action on a promissory note. Because we hold that their complaint states a claim upon which relief can be granted, we vacate the order of dismissal and remand for trial.

■ A complaint is sufficient to withstand a Rule 12(b)(6) motion if it avers facts that would entitle a plaintiff to relief upon some theory or if it asserts every necessary element of a claim. *Stanley v. Schiavi Mobile Homes, Inc.*, 462 A.2d 1144, 1147 (Me.1983). The court below limited its decision to the pleadings and declined to treat this as a motion for summary judgment under Rule 56. Thus we need look no further than the complaint. It alleges that the defendant, Donald Mercier, and his brother Richard executed a promissory note in favor of the Ripleys on November 28, 1978. The note is appended to the complaint. It requires payment in monthly installments, and provides for acceleration and payment in full upon the default of two payments. The complaint alleges that, as of the date of its filing, November 7, 1983, the Ripleys had not received a payment since March, 1981 and that they are owed the principal balance with interest. That amount is stated.

■ The allegations in this complaint are sufficient to state a cause of action against the maker of a promissory note. 11 M.R. S.A. § 3–307(2); and U.C.C. Comment 2 to that section; 12 Am.Jur.2d, Bills and Notes, § 1102. As pointed out in *Blake v. Samuelson*, 34 Colo.App. 183, 524 P.2d 624, 625–26 (1974), "although [11 M.R.S.A. § 3–307(2)] on its face is concerned with evidentiary burdens of proof, it is also determinative of the sufficiency of allegations required to state a claim for relief in an action to recover on a negotiable instrument." Moreover, the complaint closely follows the form of complaint on a promissory note in M.R.Civ.P., Appendix Form 3, which M.R.Civ.P. 84 declares to be sufficient under the rules.

Nonetheless, the Superior Court granted the motion to dismiss because it determined that additional allegations in the complaint barred the plaintiffs' recovery. The additional allegations are that the note was secured by real property purchased from the Ripleys by the Mercier brothers, that Donald Mercier conveyed his interest in the property to Richard, that Richard was declared bankrupt and then conveyed the property back to the Ripleys, who sold it within a month to a third party. The Superior Court apparently concluded that the action was one for a deficiency following a mortgage foreclosure and that the Ripleys had failed to give notice to Donald Mercier before selling the property to the third party. The court deemed notice to be a condition precedent to recovery. Because the Ripleys could not amend the complaint to allege a notice they had not given, the court held that they had failed to state a claim.

■ In this the court was in error. The additional allegations may, at best, suggest a potential affirmative defense. As such they are not grounds for dismissal under Rule 12(b)(6) unless "the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of" the defense. *MacKerron v. Madura*, 445 A.2d 680, 682 (Me.1982). It is not self-evident from this complaint alone that there has been a foreclosure, let alone that this is an action for a deficiency. Without deciding what the result would be if the alleged facts contained in the briefs, but which are not set forth in the complaint, were proved, we only hold that this complaint states a claim upon which relief may be granted. It was thus error to dismiss it.

The entry is:

Order of Dismissal vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.