Earl F. DODGE, Plaintiff–Appellant,

v.

Natalie MEYER, Colorado Secretary of State, and Merilyn Handley, Colorado Deputy Secretary of State, Defendants–Appellees.

No. 89CA0490.

Colorado Court of Appeals,
Division V.

April 5, 1990.
Rehearing Denied May 3, 1990.

Charles J. Onofrio, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiff, Earl F. Dodge, appeals from the dismissal of his complaint in which he sought review of a final order issued by the Secretary of State revoking his commission as a notary public. We reverse and remand for an evidentiary hearing.

The complaint filed by plaintiff asserted that the Secretary's action in revoking his commission constituted an abuse of her discretion, and the administrative hearing was held without proper notice to him. Asserting that the court had jurisdiction over his claim by virtue of C.R.C.P. 65 and C.R.C.P. 106(a)(2) and (4), plaintiff sought to have the court vacate the Secretary's order of revocation.

In dismissing plaintiff's complaint, the trial court concluded, based solely on the contents of the Secretary's administrative record and an affidavit submitted by plaintiff, that it lacked jurisdiction over plaintiff's complaint under the cited rules of procedure and that plaintiff had been properly served with notice of the hearing before the Secretary under the pertinent statute. However, it did not rule upon plaintiff's claim that the Secretary's order of revocation constituted an abuse of her discretion.

I.

We cannot determine from the face of the trial court's written order whether it considered itself bound by plaintiff's jurisdictional allegations, and refused to pass upon his claim of an abuse of discretion because it lacked jurisdiction under the pleaded rules, or whether it was merely noting the basis for its jurisdiction. The absence of any determination of plaintiff's abuse of discretion claim would support the former construction of this order, while the court's determination that plaintiff was provided with proper notice would support the latter.

In any event, because the district courts of this state are courts of general, not limited, jurisdiction, Colo. Const. art. VI, § 9, a plaintiff generally need not specify the source of the district court's jurisdiction. See C.R.C.P. 9(a). Rather, the lack of subject matter or personal jurisdiction must be asserted as an affirmative defense. C.R.C.P. 12(b)(1) and (2).

We conclude, therefore, that, if a complaint is filed within the time required by any controlling statute or rule and contains substantive allegations sufficient to invoke the court's jurisdiction on *some* basis, the fact that the pleader mistakenly relies upon an inapplicable statute or rule is not fatal to his cause. If the court would otherwise have authority to adjudicate the claim, it is not deprived of its *jurisdiction* simply because the plaintiff designates an inapplicable statute or rule. See *Hutchinson v. Hutchinson*, 149 Colo. 38, 367 P.2d 594 (1961) (fact that complaint alleged that plaintiff was proceeding under a particular statute not controlling). See also *People v. District Court*, 200 Colo. 65, 612 P.2d 87 (1980).

Here, it is agreed that the district court had the authority to review the Secretary's order of revocation under the provisions of the Administrative Procedure Act (APA), § 24-4-101 et seq., C.R.S. (1988 Repl.Vol. 10A). And, under the APA, if the court determines that the agency has abused its discretion, as plaintiff alleged the Secretary did, the agency's order can be set aside, as plaintiff requested. Section 24-4-106(7), C.R.S. (1988 Repl.Vol. 10A).

Thus, plaintiff's complaint contained substantive allegations which, if true, would

have authorized the court to grant to him the relief requested in his complaint, and his misperception of the *source* of his right to review did not deprive him of that right.

## II.

The Secretary is authorized by § 12–55–107, C.R.S. (1985 Repl.Vol. 5) to revoke the commission of a notary public under the circumstances described by that statute. However, since that statute does not prescribe the procedure for such revocation or by which any revocation order may be judicially reviewed, the procedure to be used is that set forth in the APA. Section 24–4–107, C.R.S. (1988 Repl.Vol. 10A).

Section 24–4–105(2), C.R.S. (1988 Repl. Vol. 10A) of the APA provides that a notice of any hearing to revoke a license:

"shall be served personally or by mailing by *first-class mail* to the last address furnished the agency by the person to be notified...." (emphasis supplied)

■ The notary public statute requires the notary to provide to the Secretary both his business address and his residence address, § 12–55–104, C.R.S. (1985 Repl.Vol. 5), and the record discloses that the Secretary sent a notice of the revocation hearing to plaintiff's record home address by *certified* mail. However, that notice was returned by the postal authorities as unclaimed.

Plaintiff asserts that certified mail is not "first class mail" as required by the statute, and therefore, posting of a notice in this manner does not constitute proper service under the statute, absent actual receipt of the notice. We agree.

In *Aetna Finance Co. v. Summers*, 642 P.2d 926 (Colo.1982), the supreme court noted that postal regulations placed restrictions upon the delivery of certified mail that are not placed upon regular mail. Mailing a notice by certified mail will provide written evidence of its receipt, if in fact it is received; however, if the addressee is not present at the time of attempted delivery, the notice will not be delivered. Thus, the court held that a statute requiring a notice to be "mailed" is not complied with by sending the notice by certified mail.

The same rationale applies here. Because of the restrictions placed upon the delivery of certified mail, such mail cannot be considered to be "first-class mail" under § 24–4–105(2). Consequently, absent actual receipt of a notice sent by such means, the mere posting of the notice by certified mail will not be deemed service of the notice under the statute.

## III.

The Secretary argues, nevertheless, that the administrative record demonstrates that, in addition to mailing a notice to plaintiff by certified mail, notice was also posted to him via regular mail. She asserts, therefore, that such posting complied with the statute, thereby giving her the authority to proceed with the hearing whether or not plaintiff actually received the notice.

■ We agree that it is unnecessary for the Secretary to demonstrate that plaintiff received actual notice of the administrative hearing. So long as the means of providing notice is authorized by statute and is one that is reasonably calculated to apprise plaintiff of the hearing, the Secretary is authorized to proceed, irrespective of the actual receipt of that notice. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Ault v. Department of Revenue*, 697 P.2d 24 (Colo.1985); *Ledbetter v. County School District*, 163 Colo. 127, 428 P.2d 912 (1967).

■ We are not convinced, however, that the administrative record demonstrates that any notice was sent to plaintiff by regular first-class mail. The record certainly does not contain any certificate attesting to that fact.

There does appear in the record a document entitled "Distribution List" which bears the same date as appears on the administrative complaint filed by the Secretary. This document contains plaintiff's name and home address and the number of a certified mailing, and it says "also, regu-

lar mail." However, it does not describe *what* was distributed to plaintiff, *who* sent it, or *when* it was sent.

In contrast to any inference that might be drawn from this document, plaintiff's affidavit contains the sworn, unconditional averment that he did not receive any notice of the administrative hearing at his home. And, this averment, considered in conjunction with the facial ambiguity of the document relied upon by the Secretary, leads us to conclude that the administrative record is insufficient to establish proper service upon plaintiff.

■ We shall, therefore, remand this matter to the trial court for it to conduct an evidentiary hearing upon the question whether notice of the administrative hearing was sent by regular, first-class, mail to plaintiff's record home address. If, after such hearing, the trial court finds that no such notice was given, that court shall enter its judgment vacating the Secretary's revocation order. If it finds that such notice was properly given, it shall then proceed to consider and determine plaintiff's claim that the Secretary abused her discretion (based solely upon the contents of the administrative record) and to enter an appropriate judgment in light of that determination.

The judgment is reversed, and the cause is remanded to the trial court with directions that it conduct further proceedings consistent with the views set forth herein.

NEY and DAVIDSON, JJ., concur.