No. 24525.

Tom McCormick *v.* Diamond Shamrock Corporation.
(487 P.2d 1333)

Decided August 23, 1971.

Edward C. Hastings, David M. Bryans, for plaintiff in error.

TILLY AND GRAVES, RONALD O. SYLLING, WILLIAM H. HARING, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THIS writ of error is brought by McCormick from a trial court ruling entering a summary judgment against him. The plaintiff in error will be referred to by name, the defendant in error as Shamrock.

As there was no fact finding process employed in the case, the following statement of facts is taken from the pleadings, interrogatories, and answers thereto. Prior to the fertilizing season of 1964, McCormick entered into negotiations with one Busby to arrange for fertilization of half his farm. He decided to allow the man who had done it for the preceding years to do the other half, so he could make a comparison for the future. Busby wanted an opportunity to gain McCormick's business. Busby allegedly told McCormick that the fertilizer he handled (Shamrock) was the best, that they (Shamrock) would stand behind it, and that it was guaranteed. Busby's men came the same day as the other dealer, and they applied their products. The value of Busby's was $1783.60, plus an additional $246 application charge.

It soon became apparent that the ground fertilized with Shamrock's product as sold and applied by Busby was not growing corn, while the other section was flourishing. McCormick notified Busby of this, and refused to pay for the product and services. Busby assigned this account to Shamrock, which in turn brought this suit for the value of the fertilizer. McCormick answered admitting the purchase of the fertilizer, but denying any liability due to breach of "an agreement for guaranteed results and warranty of fitness." A counter claim was filed against Shamrock in the amount of $30,000 for loss of crop value. McCormick also filed a third party com-

plaint against Busby alleging breach of warranty and improper application. This third party suit was severed, and is not before us at this time.

The counter claim alleged that at all times during the negotiations, Busby was the agent of Shamrock, acting within the scope of his employment. This allegation was denied in the reply. The reply also alleged that the bag containing the fertilizer had an express disclaimer of warranty on it, and that McCormick was so aware.

Four trial settings were vacated while the parties attempted to work out a settlement. They were apparently on the brink of doing so when the trial judge wrote a letter, dated October 4, 1969, to McCormick's attorney informing him that, "Unless you make a showing why a summary judgment should not issue, it will issue, . . ." This was done despite the fact that no motion for summary judgment had been filed by either party and there were no affidavits to support the position of the plaintiff that there was no agency, and that there was no warranty, or that the bag contained a specific disclaimer. McCormick's attorney responded to the letter in pleading form, quoting to the judge R.C.P. Colo. 56(c), which reads as follows:

"(c) *Motion and Proceedings Thereon.* The motion shall not be heard until at least 10 days after the service thereof. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Amended May 17, 1951."

The attorney then pointed out to the judge that the pleadings, interrogatories and answers thereto did show

that there were genuine issues of fact to be determined. No specific references were made. On November 17, 1969, summary judgment was entered dismissing the counter claim, and awarding Shamrock the full amount, plus interest, of the prayer of their complaint.

Two allegations of error are raised: (1) That the trial court was in error in granting the motion for summary judgment as there were and are genuine issues of fact between the parties, and (2) that the trial court was in error in not holding a hearing to allow McCormick to oppose the motion. We agree with McCormick on the first issue, and reverse, and therefore need not discuss the second matter.

[] It is perfectly clear from the pleadings and interrogatories and the answers thereto that as between Shamrock and McCormick there was a genuine threshold issue as to whether Busby was Shamrock's agent. There is no affidavit from Shamrock that Busby was not such an agent. McCormick was entitled to show by evidence at a trial such circumstances as would make a prima facie case of agency. If the threshold issue is decided in favor of McCormick, then there are the further issues of what warranties were made, whether there was a disclaimer and if so, whether it was called to the attention of McCormick. We said as recently as last week that a summary judgment denied a litigant the right to trial of his case and should therefore not be granted where there appears any controversy concerning material facts. *McKinley v. Dozier,* 175 Colo. 397, 487 P.2d 1335.

[] The court action was premature on another ground, as well. The law is clear that an assignee takes generally only as good a claim as his assignor had, and that the assignee is generally subject to all equities and defenses existing at the time of notice of assignment. Restatement of Contracts § 167(1). Thus, even if there were no agency, Shamrock's claim might well depend upon McCormick's claim against Busby for misapplication.

The judgment of the trial court is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.