**REGENCY REALTY INVESTORS,**
LLC, Plaintiff–Appellee,

v.

**CLEARY FIRE PROTECTION,**
INC., Defendant–Appellant.

No. 08CA1650.

Colorado Court of Appeals,
Div. IV.

Sept. 3, 2009.

Certiorari Dismissed March 18, 2010.

Faegre & Benson, LLP, Janet L. McDaniel, Brandee L. Caswell, Denver, Colorado, for Plaintiff–Appellee.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; Overturf McGath Hull & Doherty, P.C., Peter H. Doherty, Elizabeth J. Larson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

This case concerns the assignability of a claim under an attorney fees shifting clause in a subcontract between plaintiff, Williams Construction Corporation (the general contractor, who is not a party on appeal), and defendant-appellant, Cleary Fire Protection, Inc., (a subcontractor), an issue that is unresolved in Colorado. Because such a claim survives and the obligation does not involve trust, confidence, or personal services, we uphold the assignment from Williams to plaintiff-appellee, Regency Realty Investors, LLC (the owner of the property).

We agree with the trial court that Regency was the prevailing party against Cleary. However, because we conclude that under the subcontract Regency could not recover attorney fees for prosecuting its third-party beneficiary claims, we vacate the court's attorney fees award and remand for specific findings on fees that Regency cannot recover because they were incurred: in being represented separately from Williams before the assignment; in prosecuting its own claims before the assignment through a second law firm that represented both Williams and Regency; and in prosecuting those claims after the assignment through either law firm, unless the trial court determines that such fees incurred after the assignment were inextricably intertwined with the prosecution of Williams' claims for breach of the subcontract. Based on such findings, the court shall award fees to Regency as provided in this opinion.

## I. Facts

Williams subcontracted with Cleary to install a sprinkler system in Regency's property. The subcontract provided in pertinent part:

If either party incurs expenses to enforce any provision of this Subcontract, the party found to have breached or otherwise failed to perform its obligations under this Subcontract shall be liable to the other party for those expenses. Such expenses shall include, but not be limited to, court costs and reasonable attorney's fees.

After the system failed a fire department inspection and Cleary refused to correct the deficiencies, Regency financed repairs. Regency and Williams brought this action alleging, as relevant here, identical claims for

breach of contract and breach of warranty. Regency asserted its claims as a third-party beneficiary. Cleary counterclaimed against Williams for having wrongfully withheld its final payment as retainage under the subcontract.

Initially, Regency and Williams hired the same law firm to represent them. Regency paid this firm on its own behalf and on behalf of Williams, purportedly under a joint defense agreement that is not part of the record. Approximately four months after the complaint had been filed, a second law firm entered an appearance on behalf of Regency only, because it believed that a conflict of interests could arise between Williams and Regency.

Shortly before trial, Regency and Williams entered into an agreement assigning all of Williams' rights and obligations under the subcontract to Regency:

> [Williams] hereby assigns to [Regency] any and all contract rights, contract remedies, contract benefits, payment obligations, and damages offsets available to [Williams] pursuant to the subcontract between Williams and Cleary.... By way of illustration, but not limitation, [Williams] hereby assigns to [Regency] ... (3) [Williams'] right under the subcontract to recover attorney fees and costs from Cleary in the event that [Regency] prevails on its affirmative claims against Cleary in the lawsuit.

Both law firms continued participating in the case through trial, but Regency's separate firm handled post-trial matters and this appeal.

Cleary challenged the assignability of the attorney fees clause in the subcontract. After trial but before the case was submitted to the jury, the trial court ruled that the assignment, including the attorney fees provision, was valid and dismissed Williams as no longer the real party in interest. The court also ruled that "how that attorney's fees provision should or should not apply" would be determined after the verdict.

The jury was instructed:

> Regency can enforce the Subcontract Agreement between [Williams] and [Cleary] because Williams assigned the Subcontract Agreement to Regency pursuant to a valid written agreement. Conversely, Cleary can also enforce the Subcontract Agreement as to Regency.

In a special verdict form, the jury found that Cleary had breached the subcontract and awarded damages to Regency. Consistent with the instructions on the verdict form, the jury did not reach Regency's implied warranty claim because it was based on the same damages. The jury rejected Cleary's counterclaim. Neither party has appealed the verdict.

Relying on the prevailing party provision and an indemnification clause in the subcontract, Regency sought all attorney fees that it had paid to both law firms. Cleary moved for a determination that it was the prevailing party. The trial court found that Regency was the prevailing party, but declined to award fees for work during the trial by the joint law firm "in light of the assignment agreement." It made minor reductions for work of Regency's law firm after the assignment, which are not before us, but did not apportion fees between Regency's claims and those of Williams.

## II. Williams' Claim For Attorney Fees Is Assignable

Cleary first contends Williams' claim for attorney fees under the prevailing party clause of the subcontract could not be assigned to Regency, either as a matter of law or by the terms of the subcontract. We disagree.

■ We review the validity of an assignment de novo. *See Roberts v. Holland & Hart,* 857 P.2d 492, 495 (Colo.App.1993).

### A. Assignability of an Attorney Fees Claim Under Colorado Law

■ No Colorado case has resolved whether an attorney fees claim is assignable. *But see Farmers Alliance Mut. Ins. Co. v. Ho,* 68 P.3d 546, 550–51 (Colo.App.2002) (assuming without deciding assignability of fees claim). Hence, we first address whether such a claim

is assignable as a matter of law, and conclude that it is.

■ "To determine whether a claim is assignable under Colorado law, we look to whether it survives the death of the person originally entitled to assert the claim." *Kruse v. McKenna,* 178 P.3d 1198, 1200 (Colo.2008). Under section 13–20–101(1), C.R.S.2008:

> All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued, but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed....

But the inquiry does not end with survival because "[w]hile the law favors assignability of rights generally, it does not allow assignments for matters of personal trust or confidence, or for personal services." *Roberts,* 857 P.2d at 495 (legal malpractice claims not assignable).

In *Brown v. Gray,* 227 F.3d 1278, 1295 (10th Cir.2000), the court applied Colorado law in upholding assignment of a claim for defense costs under the Colorado Governmental Immunity Act, section 24–10–110, C.R.S.2008. The court concluded that such a claim "is akin to the sort of fee-shifting arrangements courts oversee every day. It is not a claim for the specific performance of personal services. Nor does it involve matters of personal trust and confidence." We find this reasoning persuasive and apply it here.

Further, other jurisdictions allow assignment of contracts that include a right to recover attorney fees. *See, e.g., Matter of Southland Corp.,* 19 F.3d 1084, 1089 (5th Cir.1994) ("Under Texas law, all or part of a plaintiff's cause of action may be assigned—including rights to the recovery of attorneys' fees."); *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.,* 96 Cal.App.4th 598, 605, 117 Cal.Rptr.2d 390, 394 (2002) (prevailing party entitled to claim attorney fees against assignee of rights in contract including attorney fees provision); *Thibodaux v. Arthur Rutenberg Homes, Inc.,*

928 So.2d 80, 89 (La.Ct.App.2005) (assignment of rights under contract included attorney fees). Cleary cites no directly contrary authority.

Accordingly, we conclude that a claim for attorney fees is assignable under Colorado law.

**B. Assignability of an Attorney Fees Claim Under the Subcontract**

■ We next reject Cleary's argument that the subcontract did not permit such an assignment.

■ Contractual rights are generally assignable, although assignment may be prohibited by contract. *Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.,* 874 P.2d 1049, 1052 (Colo.1994); *Scott v. Fox Bros. Enterprises, Inc.,* 667 P.2d 773, 774 (Colo.App.1983).

Cleary argues that because the subcontract identifies Regency and refers to claims arising between it and Regency, but provides for prevailing party attorney fees only between it and Williams, the parties did not intend to allow Regency to recover fees as Williams' assignee. Looking at the subcontract as a whole, however, its structure does not support Cleary's interpretation. *Copper Mtn., Inc. v. Indus. Systems, Inc.,* 208 P.3d 692, 697 (Colo.2009) (court should interpret contract in its entirety).

The subcontract does not prohibit Williams from assigning its rights. In contrast, it expressly provides that "[Cleary] shall not assign any funds due under this Subcontract nor delegate the performance of any obligations without written approval of [Williams]." Thus, the subcontract addressed assignability, but did not limit it as Cleary urges us to do. *See Shams v. Howard,* 165 P.3d 876, 880 (Colo.App.2007) (maxim of express intention and implied exclusion applies to contracts).

Cleary's reliance on a statement in *U.S. Bank Trust Nat'l Ass'n v. Venice MD LLC.,* 92 Fed.Appx. 948, 955 (4th Cir.2004), that the term "prevailing party" should be limited to the contract's signatories, is misplaced.

There, the lease in question was only binding on assignees if they assumed "all of the obligations" of the tenant. The court concluded that because the assignee never assumed the duty to pay rent, it could not enforce the prevailing party fee provision in the lease. *Id.* In contrast, here the subcontract contained no such limiting language. Further, Williams assigned all of its rights, and Regency assumed all of its obligations, under the subcontract.

Accordingly, we conclude that the subcontract did not prohibit Williams from assigning its claim for attorney fees.

### III. Regency Can Recover Williams' Attorneys Fees as Assignee

We next address and reject Cleary's various contentions that even if the attorney fees claim was assignable, Regency is not entitled to recover attorney fees as Williams' assignee.

Generally, "an assignee stands in the shoes of the assignor," *Tivoli Ventures, Inc. v. Bumann,* 870 P.2d 1244, 1248 (Colo.1994), and takes "only as good a claim as his assignor had." *McCormick v. Diamond Shamrock Corp.,* 175 Colo. 406, 409, 487 P.2d 1333, 1335 (1971).

### A. Williams Was the Prevailing Party

Because the trial court is in the best position to determine which party prevailed, its ruling is disturbed only for an abuse of discretion. *Lawry v. Palm,* 192 P.3d 550, 570 (Colo.App.2008). An abuse of discretion occurs if the ruling was manifestly arbitrary, unfair, or unreasonable. *Id.*

"[W]here a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 332 (Colo.1994).

Cleary argues that Williams did not prevail because the trial court dismissed its claims at the end of trial, stating "for what it's worth, I don't see any damages that Williams has suffered." But as the trial

court also explained, Williams was dismissed because Regency had become the real party in interest for both Williams' claims and Cleary's counterclaim. *See Thistle, Inc. v. Tenneco, Inc.,* 872 P.2d 1302, 1305 (Colo.App. 1993) ("[A]n assignee of a claim is a real party in interest under C.R.C.P. 17(a) and, therefore, may institute an action in his or her own name upon that claim."). After having been so instructed, the jury found that Cleary had breached the subcontract and rejected Cleary's counterclaim. Thus, Regency prevailed on all claims.

The trial court's statement that Williams suffered no damages does not require a different conclusion. *See Dennis I. Spencer Contractor, Inc.,* 884 P.2d at 332 (a party prevails if the issue of liability is resolved in its favor, even where damages are not awarded); *cf. City of Westminster v. Centric–Jones Constructors,* 100 P.3d 472, 481 (Colo. App.2003) (nominal damages are recoverable for a breach of contract even if no actual damages resulted and could support cost award as prevailing party under the net judgment rule).

### B. Regency Was Entitled to Recover Williams' Preassignment Fees

Cleary cites no authority, and we have found none in Colorado, limiting an assignee's rights to those arising after the assignment. Rather, "the assignee is generally subject to all equities and defenses existing at the time of notice of assignment." *McCormick,* 175 Colo. at 409, 487 P.2d at 1335; *see also Guaranty Nat. Ins. Co. v. McGuire,* 192 F.Supp.2d 1204, 1208 (D.Kan. 2002) (court awarded assignee all attorney fees because "[a]n assignee takes subject to all equities and defenses existing between the assignor and the debtor prior to the notice of assignment").

### C. Williams' Participation in the Trial Did Not Void the Assignment

Again, Cleary cites no authority, and we have found none in Colorado, invalidating an assignment because the assignor contin-

ued to exercise control over what had been assigned.

Moreover, the only potential prejudice from Williams' continued participation was Cleary's exposure to duplicative fees. The trial court declined to award fees for both law firms' participation in the trial. To the extent that Regency's award included any other fees incurred by reason of Williams' continued participation after the assignment and before trial, however, including trial preparation, we conclude that such fees should not have been awarded. Thus, on remand the trial court must either clarify that no attorney fees attributable to such participation are included in the award or reduce the award accordingly.

### IV. Regency Cannot Recover Attorney Fees

### As a Third–Party Beneficiary

■ We agree with Cleary that under the subcontract Regency was not entitled to recover attorney fees incurred in prosecuting its claims as a third-party beneficiary.

■ "A person not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the nonparty." *Harwig v. Downey,* 56 P.3d 1220, 1221 (Colo.App.2002). However, a third-party beneficiary prosecuting a claim arising from a contract that contains an attorney fees provision cannot recover fees unless the provision expressly benefits the third-party. *Id.*

In *Harwig,* the division interpreted an attorney fees provision that awarded fees to the "prevailing party" for "any litigation" related to the contract. *Id.* at 1222. It concluded that because the provision contemplated an award of fees to "the prevailing party," which could "logically be only the direct parties to the contract ... [and] not the potentially larger group of parties to litigation arising out of or relating to the contract," a third-party beneficiary could not recover fees.

Similarly, here, the subcontract provided that if "either party" incurred expenses to enforce the subcontract, then "the party found to have breached or otherwise failed to perform" would be liable for those expenses. Thus, by its express terms, the attorney fees provision applied only to Cleary and Williams.

■ We are not persuaded by Regency's argument that the indemnity provision in the subcontract allowed it to recover attorney fees as third-party beneficiary:

> [Cleary] shall indemnify and hold harmless [Regency] ... from and against damages, losses and expenses, including but not limited to attorney fees, arising out of or resulting from [Cleary's] work under this subcontract, provided such claim ... is attributable to [Cleary's] negligent acts or omissions....

■ Although Cleary responds that Regency waived this issue by not raising it before the trial court, an appellee "may defend the judgment of the trial court ... on any ground supported by the record, so long as the party's rights are not increased under the judgment." *Farmers Group, Inc. v. Williams,* 805 P.2d 419, 428 (Colo.1991). And because we interpret subcontract terms de novo, *see Copper Mountain, Inc. v. Industrial Systems, Inc.,* 208 P.3d 692, 697 (Colo. 2009), any record that might have resulted from raising the issue below would not inform our review.

■ "An indemnity provision generally applies to a claim asserted by a third-party against the indemnitee, not to a claim based upon injuries or damages suffered directly by the indemnitor." *Mid Century Ins. Co. v. Gates Rubber Co.,* 43 P.3d 737, 739 (Colo. App.2002). Regency relies on the wording of the subcontract but cites no supporting authority.

Other divisions of this court have concluded that language similar to that in the indemnity provision of the subcontract applies only to attorney fees incurred in defending claims asserted by third parties against the indemnitee, not to fees incurred in seeking to recover damages caused to the indemnitee by the indemnitor directly. *See May Dept. Stores Co. v. University Hills, Inc.,* 789 P.2d 434, 437 (Colo.App.1989) ("shall indemnify and hold [ ] harmless against all claims, dam-

ages, costs, expenses (including reasonable attorneys' fees and court costs) ... arising from ... any ... damage whatsoever caused to any person or to any property"); *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 759 P.2d 757, 760 (Colo.App.1988) ("agree to indemnify and hold the other harmless from any and all claims, damages, suits, liabilities, costs and expenses (including but not limited to attorney's fees and expenses of investigation) which the other party might suffer as a result of the activities or negligence of the other party"), *rev'd in part on other grounds*, 776 P.2d 362 (Colo.1989). We decline to depart from these cases.

Accordingly, we conclude that under the subcontract Regency was not entitled to recover attorney fees incurred in prosecuting its claims as a third-party beneficiary. However, as discussed in the following section, we recognize that except as to work of Regency's separate law firm before the assignment, some such fees may be recoverable not by Regency in its own right, but because they were inextricably intertwined with advancing Williams' claims.

### V. Further Findings Apportioning Attorney Fees Are Needed

■ Cleary contends the trial court should have apportioned some attorney fees to Regency's third-party beneficiary claims and to legal work necessitated by its separate representation. We cannot resolve these questions without further findings. Therefore, the attorney fees award must be vacated.

■ The party seeking attorney fees bears the burden of proving, by a preponderance of the evidence, entitlement to the award. *Munoz v. Measner*, 214 P.3d 510, 513 (Colo.App.2009). When faced with multiple claims, not all of which afford a basis for recovering attorney fees, the trial court should attempt to apportion fees by claim. *Haystack Ranch, LLC v. Fazzio*, 997 P.2d 548, 556 (Colo.2000). The court may decline to do so where, for example, "the entire action was dismissed for the same reason (lack of personal jurisdiction) and defendants would have incurred the same, or nearly the same, fees had the case involved only the tort claims [for which fees were awarded under

section 13–17–201, C.R.S.2008]." *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo.App.2008). Nevertheless, a division of this court has remanded for findings on fees, although the claimant "argued to the trial court that there was no way to apportion the fees and costs ... because the same amount of work would have been required had he pursued the ECOA claim alone and that he should, therefore, be entitled to the full amount of fees and costs incurred on behalf of both plaintiffs." *Durdin v. Cheyenne Mtn. Bank*, 98 P.3d 899, 904 (Colo.App.2004).

Here, we have concluded that as a third-party beneficiary, Regency was not entitled to attorney fees under the subcontract. Further, Regency was represented by separate counsel both before and after the assignment. Yet, the trial court made no specific findings concerning attorney fees unique to prosecuting Regency's third-party beneficiary claims, either before or after the assignment. Without such findings, the assignment allows Regency to recover its own attorney fees, contrary to the subcontract.

Regency's assertion that "one lawyer from each firm worked together to prosecute the case against Cleary" goes too far. Before the assignment, work of Regency's separate counsel that furthered Williams' claims was done without charge to Williams and is not recoverable. Even after the assignment, recognition by Regency's separate counsel of a lurking conflict with Williams suggests performance of some legal work solely to benefit Regency. And both before and after the assignment, Williams and Regency had to prove that Cleary breached the subcontract, but only Regency had to prove the amount and reasonableness of substantial expenses it incurred to remedy the construction defects, as well as its other damages such as employing fire wardens before the system received fire department approval.

On remand, the trial court may take additional evidence, and, if Regency relies on the joint defense agreement to support its fees claim, may require that this agreement be produced. Before awarding fees to Regency, the court shall make specific findings concerning, and shall not allow recovery of, any attorney fees (a) of Regency's separate law firm before the assignment; (b) resulting solely from Regency's separate representa-

tion after the assignment; (c) arising from prosecution of Regency's third-party beneficiary claims before the assignment by either law firm; and (d) incurred in continued prosecution of such claims after the assignment, unless inextricably intertwined with prosecuting Williams' breach of subcontract claims. *See Padilla v. Ghuman*, 183 P.3d 653, 664 (Colo.App.2007) (upholding trial court findings that "defense of all of the various claims and charges, and litigation of the counterclaim, were all inextricably intertwined."). Any such fees are not recoverable by Regency.

### VI.  Attorney Fees on Appeal

██ Regency seeks appellate attorney fees under C.A.R. 39.5 "for the same reasons it was entitled to recover its fees and costs below." We agree to the extent that, as assignee of Williams' fees claim, Regency is entitled to recover attorney fees because it is enforcing the prevailing party provision of the subcontract against Cleary. *Cf. Barrett v. Investment Management Consultants, Ltd.*, 190 P.3d 800, 805 (Colo.App.2008) (as a general rule, a party who recovers attorney fees is entitled to reasonable attorney fees incurred in defending a challenge to such award). In contrast, to the extent Regency argued on appeal that it was entitled to attorney fees in prosecuting claims as a third-party beneficiary and to all fees of its separate counsel, which are not within the ambit of the prevailing party provision, we decline to award appellate fees advancing those arguments.

Accordingly, on remand the trial court shall determine Regency's reasonable attorney fees incurred on appeal for defending the assignability of Williams' claim for fees, and award only those fees.

The attorney fees award is vacated and the case is remanded for further findings consistent with this opinion. In all other regards, the judgment stands affirmed.

Judge CARPARELLI and Judge LICHTENSTEIN concur.