MAY DEPARTMENT STORES COMPANY and May Stores Shopping Center, Inc., Plaintiffs–Appellants,

v.

UNIVERSITY HILLS, INC., Defendant–Appellee.

No. 90CA1696.

Colorado Court of Appeals, Div. I.

Nov. 21, 1991.

Rehearing Denied Dec. 19, 1991.

Law Office of Kent L. Yarbrough, Kent L. Yarbrough, Denver, for plaintiffs-appellants.

Weller, Friedrich, Ward & Andrew, Debra K. Sutton, Dan W. Hotsenpiller, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiffs, May Department Stores and May Stores Shopping Center, Inc. (May Co.), appeal the summary judgment entered in favor of defendant, University Hills, Inc. We reverse and remand.

May Co. and University Hills entered into a lease agreement which contains the following indemnification clause:

[University Hills] shall indemnify and hold [the May Co.] harmless against all claims, damages, costs, expenses (including reasonable attorneys' fees and court costs) and liabilities (herein collectively called claims) arising from or out of the death of or any accident, injury, loss or damage whatsoever caused to any person or to any property arising from [University Hills'] use of the Tenant Tract or as shall occur during the Lease Term in or about the Tenant Tract.

The exclusion clause to this provision reads:

[University Hills'] obligation to indemnify and hold [the May Co.] harmless · as set forth above does not apply to *claims that arise* in whole or in part from any negligent act or omission of [the May Co.], its agents, contractors, servants, employees or invitees. (emphasis supplied)

As a result of a fire in the University Hills mall, third-parties brought suit alleging negligence against the May Co. On appeal, this court affirmed the trial court in concluding that the May Co. owed no duty of care to these third-parties and was, therefore, not negligent. *May Department Stores Co. v. University Hills, Inc.,* 789 P.2d 434 (Colo.App.1989).

Thereafter, in this indemnification action, the trial court granted University Hills' motion for summary judgment. In accordance with *Black's Law Dictionary* (5th Ed.1979), the trial court defined a "claim" as an assertion, urging, demand, or insistence, and reasoned that whether a claim is meritorious is irrelevant to deciding whether the exclusion clause here is invoked.

The question on appeal is whether, according to its plain language, the exclusion clause is triggered from claims or allegations of negligence, or only from May Co.'s proven negligent acts or omissions.

■ An agreement to indemnify is an agreement by one to hold another harmless from loss or damage "as may be specified in the agreement." *Alzado v. Blinder, Robinson & Co.,* 752 P.2d 544 (Colo.1988).

■ The extent of a contractual duty to indemnify must be determined from the contract itself. *Wilson & Co. v. Walsenburg Sand & Gravel Co.,* 779 P.2d 1386 (Colo.App.1989). And, an indemnity agreement is subject to the same rules of construction which govern contracts generally. Hence, it should be enforced according to the plain and generally accepted meaning of its language and interpreted in its entirety to give effect to all of its provisions so none are rendered meaningless. *Trosper v. Wilkerson,* 764 P.2d 375 (Colo.App. 1988).

The May Co. argues that the plain language of the exclusion clause negates University Hills' obligation to indemnify only as to actual negligent acts or omissions by it or its agents. Hence, since this court has already determined that there was no duty owed by the May Co., there can be no negligent act or omission which invokes the exclusion clause. Therefore, without a duty, any claim, demand, or legal assertion could not have arisen from the May Co.'s negligent acts.

University Hills contends, however, that "claims" is a broad term which applies to legal assertions and demands, as distinct from liabilities. It argues that the interpretation urged by the May Co. ignores this distinction, as well as the obvious intent of the parties to allocate risks by excluding defense expenses incurred in defending claims based upon the May Co.'s alleged negligence. We agree with the May Co.

We note, first, that inasmuch as the indemnity provision and its exclusion clause are unambiguous, we will not look beyond the agreement to determine the parties' intended meaning. *See Trosper v. Wilkerson, supra.* The trial court, therefore, correctly premised its ruling upon the plain language of the exclusion clause.

The trial court held that the plain language of the clause excuses defendant from indemnification if there are assertions or allegations that May Co. was negligent and that this exception applies since neither party disputes "that the Plaintiffs' request for indemnification *arises from claims* that the Plaintiffs were negligent." (emphasis added) However, this conclusion is contrary to the precise contractual language which states that the indemnification obligation does not apply "to claims that arise ... *from any negligent act* or omission...." (emphasis added)

Further, "claims" are collectively defined within the contract as "claims, damages, costs, expenses (including reasonable attorneys' fees and court costs) and liabilities." Therefore, the plain meaning of this contractual provision is to free University Hills from its obligation to indemnify May Co.

only if the claims at issue arise from the actual negligent acts of May Co., and the trial court erred in ruling that the meritorious nature of a claim is irrelevant to invocation of the exclusion clause.

Contrary to University Hills' assertion, this construction does not ignore the distinction between claims and liabilities, nor does it render any provision of the contract meaningless. Also, since proven negligence by May Co. falls within the exclusion clause, its unambiguous terms do not run contrary to the public policy which looks unfavorably upon a party seeking indemnity for its own negligence. *See Williams v. White Mountain Construction Co.,* 749 P.2d 423 (Colo.1988).

The judgment is reversed, and the cause is remanded with directions that plaintiffs' claims be reinstated.

CRISWELL and MARQUEZ, JJ., concur.