MID CENTURY INSURANCE COMPANY, as subrogee of Fashion Carpets, Inc., Plaintiff–Appellant,

v.

The GATES RUBBER COMPANY, Defendant–Appellee.

No. 01CA0743.

Colorado Court of Appeals, Div. V.

Jan. 31, 2002.

738

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Denver, CO, for Plaintiff–Appellant.

Wilson & Fennelly, LLC, Rodger L. Wilson, Patricia A. Fennelly, Greenwood Village, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this subrogation action, plaintiff, Mid Century Insurance Company, appeals from the trial court's order granting attorney fees to defendant, The Gates Rubber Company. We reverse.

Fashion Carpets rented a warehouse space from Gates under the terms of a commercial lease and insured the property stored in the space with Mid Century. Fashion Carpets' goods sustained water damage, and, as a result, Mid Century paid insurance benefits to Fashion Carpets. Mid Century filed suit against Gates to recover in subrogation the expenses paid to its insured, arguing that Gates was liable for the water damage. The court entered summary judgment in favor of Gates. Gates then requested an award of attorney fees under either a prevailing party or, alternatively, an indemnification clause in the lease. The court granted Gates' request under the latter provision.

The parties do not dispute either the entry of summary judgment in favor of Gates or the denial of attorney fees under the prevailing party provision. The only issue on appeal is whether Gates is entitled to an award of attorney fees from Mid Century under the indemnification clause in the lease. We conclude that it is not.

I.

As a threshold matter, we will not reconsider Gates' contention that this appeal was untimely filed. Earlier, the motions division of this court denied Gates' motion to dismiss, finding excusable neglect and granting Mid Century an extension of time to file a notice of appeal pursuant to C.A.R. 4(a). Moreover, Gates did not request, nor was it granted, leave to reraise this issue in its brief filed on the merits of the appeal.

II.

Mid Century contends that the trial court misconstrued the indemnification provision of Fashion Carpets' lease with Gates. We agree.

A reviewing court need not defer to a trial court's interpretation of a written lease. *Fibreglas Fabricators, Inc. v. Kylberg,* 799 P.2d 371 (Colo.1990). Thus, we review the trial court's conclusions de novo.

The applicable provision of the lease provides:

Tenant shall also indemnify Landlord against and hold Landlord harmless from all costs, expenses, demands and liability Landlord may incur if Landlord becomes or is made a party to any claim or action (a) instituted by Tenant against any third party, or by any third party against Tenant, or by or against any person holding any interest under or using the Property

by license of or agreement with Tenant, (b) for foreclosure of any lien for labor or material furnished to or for Tenant or such other person; (c) *otherwise arising out of or resulting from any act or transaction of Tenant or such other person.* (Emphasis added.)

That section further states:

Tenant shall defend Landlord against any such claim or action at Tenant's expense with counsel reasonably acceptable to Landlord or, at Landlord's election, Tenant shall reimburse Landlord for any legal fees or costs Landlord incurs in any such claim or action.

Based on the language emphasized above, "otherwise arising out of or resulting from any act or transaction of Tenant or such other person," the trial court determined that the action here arose out of an act of Fashion Carpets, and, therefore, Fashion Carpets, and Mid Century as subrogee, were liable for Gates' attorney fees. Although not specified by the trial court, on appeal, Gates asserts that "the act" was Fashion Carpets' entering into the insurance agreement with Mid Century.

Mid Century argues that the trial court's interpretation was incorrect. Specifically, Mid Century contends the clause at issue is an indemnification provision between Fashion Carpets and Gates for liability or expenses incurred by the latter in an action involving a third party. Mid Century thus contends that the provision does not apply to a claim between Fashion Carpets and Gates, nor, consequently, between Fashion Carpets' subrogee and Gates.

We agree with Mid Century.

 A contract is to be interpreted in its entirety to harmonize and to give effect to all provisions, if possible. *Pepcol Mfg. Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo. 1984). An indemnity agreement is subject to the same rules of construction that govern contracts generally. Hence, it should be enforced according to the plain and generally accepted meaning of its language and interpreted in its entirety to give effect to all of its provisions so that none are rendered meaningless. *May Dep't Stores Co. v. Uni-*

*versity Hills, Inc.,* 824 P.2d 100 (Colo.App. 1991).

 An indemnity provision generally applies to a claim asserted by a third party against the indemnitee, not to a claim based upon injuries or damages suffered directly by the indemnitor. *Compare Mesa Sand & Gravel Co. v. Landfill, Inc.,* 759 P.2d 757 (Colo.App.1988)(mutual indemnity provision not applicable in action between parties to contract), *rev'd on other grounds,* 776 P.2d 362 (Colo.1989), *with Lahey v. Covington,* 964 F.Supp. 1440 (D.Colo.1996)(upholding exculpation clause and barring claim between parties to contract). *Cf. May Dep't Stores Co. v. University Hills, Inc.,* 789 P.2d 434 (Colo.App.1989)(indemnification agreement does not apply in action by indemnitee against indemnitor).

Contrary to Gates' contention, Mid Century is not a third party for purposes of the indemnification provision here. Mid Century's action against Gates is in subrogation and is therefore the same action that would otherwise be taken by Fashion Carpets against Gates. *See Union Ins. Co. v. RCA Corp.,* 724 P.2d 80 (Colo.App.1986)(subrogation rights derive from and are no greater than the rights of the insured); *Browder v. United States Fidelity & Guaranty Co.,* 893 P.2d 132 (Colo.1995)(subrogation involves the substitution of one party for another with reference to a claim). Although heavily relied on by Gates, *Allstate Insurance Co. v. Loo,* 46 Cal.App.4th 1794, 54 Cal.Rptr.2d 541 (Cal.Ct.App.1996) does not say differently. There, a landlord was awarded attorney fees from a tenant's subrogee insurer. However, the premise of the attorney fees award was not indemnification, but a prevailing party provision in the parties' lease.

Here, by its plain language, the indemnification clause does not contemplate an action in which the positions of tenant and landlord are directly adversarial. Gates is to be indemnified only when it becomes a party to an action instituted by a third party against Fashion Carpets, by Fashion Carpets against a third party, by or against a person holding any interest in the property by agreement with Fashion Carpets, or for foreclosure of a

lien for labor or materials furnished to Fashion Carpets. Each of these conditions of indemnification applies to an action involving a third party. Thus, contrary to Gates' contention, the subsequent phrase, "otherwise arising out of or resulting from any act or transaction of Tenant," read in proper context, is a catchall referring to any action by a third party which "otherwise" arises from an act of Fashion Carpets. The term "otherwise" references the previous conditions of indemnification, each of which specifically refers to actions involving third parties. *See May Dep't Stores v. University Hills, Inc., supra,* 824 P.2d at 101 (contract should be interpreted in its entirety).

This interpretation is further supported by the language that immediately follows, which provides that Fashion Carpets must defend Gates against any such claim or action at Fashion Carpets' expense "with counsel reasonably acceptable" to Gates. Such a requirement would be nonsensical in an action against Gates by Fashion Carpets and, likewise, in an action against Gates by Mid Century, Fashion Carpets' subrogee. *See Atmel Corp. v. Vitesse Semiconductor Corp.,* 30 P.3d 789 (Colo.App.2001)(a contract should not be read to yield an absurd result).

Also, contrary to Gates' contention, Mid Century is not a party "holding any interest under or using the Property by license of or agreement with Tenant." The record does not show, and no party has contended, that the insurance agreement granted Mid Century any interest in or any ability to use Gates' property.

The order is reversed.

Judge CASEBOLT and Judge NIETO concur.