25CA0035 Commonwealth v Northcreek 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0035
El Paso County District Court No. 21CV31277
Honorable Gregory R. Werner, Judge

Commonwealth Land Title Insurance Company,

Plaintiff-Appellee,

and

Alturas Real Estate Fund, LLC, a Delaware limited liability company,

Third-Party Defendant-Appellee,

v.

Northcreek Complex, LLC, a Delaware limited liability company, Northcreek Complex Fund, LLC, a Delaware limited liability company, and Younan Properties, Inc., a California corporation

Defendants and Third-Party Plaintiffs-Appellants.

ORDER AFFIRMED IN PART
AND REVERSED IN PART

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

Van Remortel LLC, Fred Van Remortel, Littleton, Colorado, for Plaintiff-Appellee
and Third-Party Defendant-Appellee

Brownstein Hyatt Farber Schreck, LLP, Justin L. Cohen, Bridget C. DuPey,
Reilly E. Meyer, Denver, Colorado; Brownstein Hyatt Farber Schreck, LLP, Eric

Walther, Las Vegas, Nevada, for Defendants and Third-Party Plaintiffs-Appellants

¶ 1      Defendants, Northcreek Complex, LLC (Northcreek); Northcreek Complex Fund, LLC (Northcreek Fund); and Younan Properties, Inc. (Younan Properties) (collectively, appellants), appeal the trial court's order awarding attorney fees and costs to plaintiff, Commonwealth Land Title Insurance Company (Commonwealth). Appellants contend that the court erred by (1) determining that Commonwealth is entitled to an award of attorney fees; (2) concluding that the fees and costs were reasonable and properly supported; and (3) awarding fees and costs against Northcreek Fund and Younan Properties.  We agree with the first and third contentions.  Accordingly, we reverse the order to the extent that it awarded attorney fees to Commonwealth and awarded costs against Northcreek Fund and Younan Properties.  And because we disagree with the second contention as it relates to the cost award, we affirm the order to the extent that it awarded costs to Commonwealth and against Northcreek.

## I.    Background

¶ 2    This case arises out of a real estate transaction in which Alturas Real Estate Fund, LLC (Alturas) purchased three commercial properties from Northcreek.[1]

¶ 3    Northcreek and Alturas entered into a purchase and sale agreement for the properties in October 2020.  But issues came up, and the parties terminated the agreement in November of that year, resumed negotiations the following month, and ultimately reinstated the agreement with amendments and closed the transaction on January 29, 2021.

¶ 4    The purchase and sale agreement provided that "[r]eal estate taxes shall be prorated between [Northcreek] and [Alturas] based upon the actual days of ownership of the parties for the year in which [c]losing occurs utilizing the most recent ascertainable tax bill(s) and such proration shall be final."  Yet the special warranty deed, which was drafted at the time of the purchase and sale agreement but wasn't executed until January 29, 2021, provided that the conveyance was subject to "[a]ny lien to secure payment of

---

[1] Although Alturas was a third-party defendant in the case below, it is not a party to this appeal.

real estate taxes, including . . . taxes and assessments by any taxing authority for the year 2020 and subsequent years."

¶ 5     In connection with the transaction, Alturas purchased a title insurance policy underwritten by Commonwealth. As a condition to issue the policy, Commonwealth required Northcreek to execute an owner's affidavit, which it did. The affidavit represents, as item 8, that "as of the closing there are no unpaid or delinquent real estate taxes . . . against [the] premises." As of that time, the bills for the 2020 real estate taxes — which had recently been received by Northcreek but weren't yet due — hadn't been paid. The affidavit also includes an indemnification provision in which Northcreek agreed to indemnify Commonwealth for any losses Commonwealth suffered under the title insurance policy concerning the representations in the affidavit, including item 8.

¶ 6     At closing, the parties prorated the 2021 real estate taxes, such that Northcreek credited Alturas for a percentage of the estimated annual taxes representing the twenty-eight days Northcreek owned the properties in 2021.

¶ 7     Shortly after the closing, Alturas, having realized that the 2020 real estate taxes hadn't been paid, reached out to Northcreek

about paying them. When Northcreek refused to do so, Alturas pursued a claim with Commonwealth under the title insurance policy. Commonwealth paid the taxes and initiated this litigation.

¶ 8      Commonwealth brought claims against Northcreek and two related entities — Northcreek Fund and Younan Properties — for reformation of the special warranty deed, misrepresentation, and unjust enrichment. The three defendants then brought third-party claims against Alturas for breach of contract and unjust enrichment, and Alturas brought a counterclaim against them for reformation of the special warranty deed.

¶ 9      Following a bench trial, the trial court reformed the special warranty deed to reflect that the conveyance was subject to any lien to secure payment of real estate taxes from 2021, not 2020. The court also found that Commonwealth was entitled to $390,273.50 in damages on its misrepresentation claim, representing the 2020 real estate taxes the court found Northcreek was responsible for, and that Commonwealth was entitled to judgment in that amount against all three appellants. Finally, the court rejected appellants' unjust enrichment counterclaim. The court didn't expressly rule

on, but implicitly rejected, Commonwealth's unjust enrichment claim and appellants' breach of contract claim.

¶ 10   Based on the judgment, Commonwealth moved for an award of attorney fees under the indemnification provision in the owner's affidavit and a fee-shifting provision in the purchase and sale agreement, as well as an award of costs under C.R.C.P. 54(d). The trial court granted the motion and found that the requested fees and costs were reasonable. It also found that Northcreek, Northcreek Fund, and Younan Properties were jointly and severally liable for the fees and costs. Accordingly, it entered an award of $178,678.25 in fees and $25,556.53 in costs in favor of Commonwealth and against defendants.

¶ 11   Appellants appealed both the merits judgment and the attorney fee and costs order. In the merits appeal, which we are resolving simultaneously with this appeal, *see Commonwealth Land Title Ins. Co. v. Northcreek Complex Fund, LLC*, (Colo. App. No. 24CA1736, Feb. 26, 2026) (not published pursuant to C.A.R. 35(e)), we are reversing the judgment against Northcreek Fund and Younan Properties on Commonwealth's misrepresentation claim but

are affirming the judgment in all other respects. We now turn to the issues concerning the award of attorney fees and costs.

## II. Basis for Awarding Attorney Fees

¶ 12　Appellants first contend that Commonwealth hasn't shown it is entitled to recover attorney fees under either the owner's affidavit or the purchase and sale agreement. We agree.

### A. Relevant Legal Principles

¶ 13　Although "Colorado courts follow the American rule, which requires parties to a lawsuit to pay their own legal expenses," there is an exception "if the parties agree, in a contract clause known as a fee-shifting provision, that the prevailing party will be entitled to recover its attorney fees." *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 10.

¶ 14　We generally review a trial court's decision to award attorney fees for an abuse of discretion, such that we won't reverse the decision unless it is manifestly arbitrary, unreasonable, or unfair, or contrary to law. *See 1046 Munras Props., L.P. v. Kabod Coffee*, 2025 COA 71, ¶ 23. However, we review de novo any legal conclusions that provide the basis for such an award. *US Fax L. Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 515 (Colo. App. 2009).

¶ 15    Likewise, to the extent that our inquiry requires interpretation of a contract, that, too, presents a question of law that we review de novo. *French v. Centura Health Corp.*, 2022 CO 20, ¶ 24. Our main goal in interpreting a contract is to discern and effectuate the parties' intent, which we ascertain primarily from the language of the instrument itself. *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 2018 CO 54, ¶ 59. If a contract is unambiguous, we will enforce it as written. *Id.*

¶ 16    An agreement to indemnify is an agreement by one party to hold another harmless from specified losses or damages. *May Dep't Stores Co. v. Univ. Hills, Inc.*, 824 P.2d 100, 101 (Colo. App. 1991). The extent of the duty to indemnify is determined by the agreement itself. *Id.* "An indemnity provision 'should be enforced according to the plain and generally accepted meaning of its language and interpreted in its entirety to give effect to all of its provisions . . . .'" *D.R. Horton, Inc.-Denv. v. D & S Landscaping, LLC*, 215 P.3d 1163, 1171 (Colo. App. 2008) (quoting *Mid Century Ins. Co. v. Gates Rubber Co.*, 43 P.3d 737, 739 (Colo. App. 2002)).

## B. Application

¶ 17    Appellants challenge both bases Commonwealth cited in support of its entitlement to attorney fees — the owner's affidavit and the purchase and sale agreement. We agree that neither of these documents provides a basis for Commonwealth's claim to attorney fees in this case.

¶ 18    First considering the owner's affidavit, we disagree with appellants' argument that Commonwealth can't enforce the affidavit. As we explain in our decision on the merits, the affidavit was a critical component of the underlying transaction, without which the sale wouldn't have occurred, and Commonwealth is, at a minimum, a third-party beneficiary of the promises Northcreek made in that affidavit. *See Commonwealth Land Title Ins. Co.*, No. 24CA1736, slip op. at ¶¶ 33-34. Commonwealth thus has standing to enforce those promises. *See S K Peightal Eng'rs, LTD v. Mid Valley Real Est. Sols. V, LLC*, 2015 CO 7, ¶ 7; *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 50 (Colo. 2001).

¶ 19    Nonetheless, we agree with appellants that the indemnification provision in the affidavit doesn't apply to the attorney fees Commonwealth incurred in this action.

8

¶ 20    The indemnification provision states that

> [Northcreek] do[es] hereby . . . agree to
> indemnify and hold [Commonwealth] harmless
> of and from any and all loss, cost, damage,
> and expense of every kind, including attorney's
> fees, which [it] shall or may suffer or incur or
> become liable for under its [title insurance]
> policy or policies directly or indirectly,
> concerning any or all of the above stated items
> 1-2-3-4-5-6-7-8-9.

¶ 21    The trial court concluded that this provision entitled Commonwealth to an award of attorney fees because Northcreek's misrepresentations, including in item 8 regarding unpaid taxes, were "precisely what led to Commonwealth's loss in this case."

¶ 22    But while that is enough to require indemnification of Commonwealth's losses represented by the underlying case — specifically, the tax liability it had to pay so that Alturas could obtain free and clear title — it's not enough to require indemnification of the expenses Commonwealth incurred in bringing this litigation against appellants.

¶ 23    Divisions of this court have consistently concluded that indemnification language similar to that in the owner's affidavit "applies only to attorney fees incurred in defending claims asserted by third parties against the indemnitee, not to fees incurred in

9

seeking to recover damages caused to the indemnitee by the indemnitor directly." *Regency Realty Invs., LLC v. Cleary Fire Prot., Inc.*, 260 P.3d 1, 7-8 (Colo. App. 2009) (citing cases and declining to award fees under a provision that required the indemnitor to "indemnify and hold harmless [the indemnitee] . . . from and against damages, losses and expenses, including but not limited to attorney fees, arising out of or resulting from [certain] work under [the contract]"); *accord Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 251 P.3d 1109, 1116 (Colo. App. 2010) (declining to award fees under two provisions, including one that required the indemnitors to "indemnify, defend and hold [the indemnitee] harmless from any loss, cost, damage or expense, including, without limitation, court costs [and] reasonable attorneys fees, suffered or incurred by [the indemnitee] arising out of any breach by [the indemnitors] of any of the warranties contained in [the agreement]"); *May Dep't Stores Co. v. Univ. Hills, Inc.*, 789 P.2d 434, 437-38 (Colo. App. 1989) (declining to award fees under a provision that required the indemnitor to "indemnify and hold [the indemnitee] harmless against all claims, damages, costs, expenses (including reasonable attorneys' fees and court costs) and

liabilities . . . arising from or out of the death of or any accident, injury, loss or damage whatsoever caused to any person or to any property arising from [the indemnitor's] use of the [property]").

¶ 24 Thus, divisions of this court have treated provisions like the one at issue in this case solely as *indemnity* provisions, not as *fee-shifting* provisions. *See, e.g., Regency Realty Invs.*, 260 P.3d at 7-8; *Loveland Essential Grp.*, 251 P.3d at 1116; *May Dep't Stores*, 789 P.2d at 437-38. And although the provision in the affidavit refers to attorney's fees, so, too, do the provisions at issue in those other cases. Thus, while the provision here could entitle Commonwealth to recover attorney fees incurred in defending litigation brought by a third party relating to Northcreek's representations in the affidavit, it doesn't entitle Commonwealth to recover attorney fees incurred in pursuing litigation against Northcreek and other related parties to enforce the affidavit.

¶ 25 Commonwealth doesn't cite any contrary authority. Their primary argument is that the supreme court concluded that similarly broad indemnification language applied in *Pub. Serv. Co. of Colo. v. United Cable Television of Jeffco, Inc.*, 829 P.2d 1280, 1282-83 (Colo. 1992). But the issue in that case wasn't whether the

11

indemnitee could recover attorney fees incurred in litigation it brought against the indemnitor. *See id.* Instead, it was simply whether the indemnitee could recover losses incurred in separate litigation brought by a third party. *See id.*

¶ 26 Turning to the purchase and sale agreement, appellants argue that Commonwealth is neither a party to that agreement nor a third-party beneficiary entitled to recover attorney fees under that agreement's fee-shifting provision.

¶ 27 The agreement was solely between Northcreek and Alturas. Commonwealth doesn't argue otherwise. It doesn't even argue that it was a third-party beneficiary of the agreement. And even if it was, "a third-party beneficiary prosecuting a claim arising from a contract that contains an attorney fees provision cannot recover fees unless the provision expressly benefits the third-party." *Regency Realty Invs.*, 260 P.3d at 7; *see also Chandler-McPhail v. Duffey*, 194 P.3d 434, 438 (Colo. App. 2008) ("[A] nonparty generally cannot enforce contract provisions . . . where the provisions do not specifically address the nonparty.").

¶ 28 But there is nothing in the agreement's attorney fee provision that expressly benefits or even mentions Commonwealth. That

provision states, in relevant part, that, "[i]n the event suit or action is instituted to interpret or enforce the terms of this [a]greement, the prevailing party shall be entitled to recover from the other party such sum as the court may adjudge reasonable as such party's costs and attorney's fees." There is no reference to Commonwealth and no indication that the provision could entitle Commonwealth to recover attorney fees.

¶ 29 Again, Commonwealth doesn't argue otherwise. Instead, it merely points to language in its title insurance policy requiring it to provide a defense and assert claims for Alturas. But regardless of Commonwealth's contractual obligation to undertake such a defense and assert such claims on Alturas's behalf, Commonwealth still must establish a basis to justify its recovery of attorney fees from appellants — and it hasn't done so. To the extent Commonwealth suggests that under its title insurance policy it stands in Alturas's shoes for purposes of the claims litigated in this case, Commonwealth hasn't developed or cited any authority supporting such an argument; thus, we decline to consider it. *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC,* 2020 COA 34,

¶ 41 n.12 ("We don't consider undeveloped and unsupported arguments."), *aff'd*, 2021 CO 56.

¶ 30    Accordingly, we conclude that the trial court erred in awarding attorney fees to Commonwealth because neither the owner's affidavit nor the purchase and sale agreement provides a basis for such fees.  We therefore reverse that portion of the order that awarded Commonwealth its attorney fees.

### III.    Reasonableness of the Award

¶ 31    Appellants next contend that the attorney fees and costs the trial court awarded were unreasonable and inadequately supported. Because we are reversing the awarded fees, we limit our consideration of this issue to the awarded costs.  We disagree that those costs were unreasonable or inadequately supported.

### A.    Relevant Legal Principles

¶ 32    A prevailing party is generally entitled to recover its reasonable costs unless a statute or rule provides otherwise.  *See* §§ 13-16-104, 13-16-105, C.R.S. 2025; C.R.C.P. 54(d).  In determining what costs to award, a trial court may "consider[] any relevant factors[,] which may include the needs and complexity of the case and the amount in controversy."  C.R.C.P. 54(d).

¶ 33    A trial court has "considerable discretion" in determining what amount of costs to award. *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1187 (Colo. App. 2011). Section 13-16-122, C.R.S. 2025, provides an illustrative list of recoverable costs, but a trial court has discretion to award other costs if it finds they were necessary for the case. *First Citizens Bank & Tr. Co. v. Stewart Title Guar. Co.*, 2014 COA 1, ¶ 54. "We will reverse a [trial] court's award of costs only upon a showing that [the court] clearly abused its discretion by acting in a manner that was manifestly arbitrary, unreasonable, or unfair." *Valentine*, 252 P.3d at 1187.

## B.    Application

¶ 34    As part of its reasoning in awarding the requested attorney fees and costs, the trial court observed that "Northcreek was aggressive in its litigation strategy in this case," filing multiple motions that Commonwealth had to defend, and that "[t]his was a complex case," with "an extensive amount of discovery" and multiple notebooks of materials presented at trial.

¶ 35    The court also rejected appellants' arguments challenging the recovery of costs relating to an expert witness and depositions. Appellants reprise both arguments on appeal.

¶ 36    First, appellants argue that Commonwealth didn't adequately support its request for $10,822.50 in costs associated with its expert witness, as the request was supported by redacted invoices that, according to appellants, were unhelpful in assessing reasonableness.  The trial court rejected this argument, finding that it "is aware of the testimony of Commonwealth's experts and found them to be credible and the time they spent along with the associated charges therefor to be reasonable."  Based on the court's familiarity with the case as it was presented at trial, along with the submitted expert witness bills (which were sufficiently detailed and only partially redacted), we discern no abuse of the court's broad discretion.  *See Mackall v. Jalisco Int'l, Inc.*, 28 P.3d 975, 977 (Colo. App. 2001) (discerning no abuse of discretion in a trial court's finding that an expert's fees were reasonable and necessary).

¶ 37    Second, appellants argue that Commonwealth didn't adequately support its request for $7,200 in costs associated with "taking depositions."  They argue that Commonwealth didn't take any depositions, but only defended the depositions they took, and that Commonwealth didn't establish that the depositions were reasonably necessary to the case.  In response to this argument

below, the trial court noted that Northcreek hadn't cited any authority, and it wasn't aware of any, supporting the proposition that a party can't recover the cost of obtaining a copy of a deposition another party noticed and took. We, too, are unaware of any such authority, and we discern no abuse of discretion in the trial court's implicit finding that the costs to obtain transcripts for the depositions appellants took were reasonable and necessary to the case. Indeed, all five witnesses whose deposition transcripts are listed on the bill Commonwealth submitted were witnesses who testified at trial. *See Valentine*, 252 P.3d at 1187 (discerning no abuse of discretion in a trial court's finding that deposition transcript costs were reasonable and necessary); *see also* § 13-16-122(1)(d) (recoverable costs may include "[a]ny fees of the court reporter for all or any part of a transcript necessarily obtained for use in th[e] case").

¶ 38 Accordingly, we conclude that the trial court didn't abuse its discretion in awarding $25,556.53 in costs to Commonwealth.

IV. Award Against Northcreek Fund and Younan Properties

¶ 39 Appellants also contend that the trial court erred by awarding attorney fees and costs against Northcreek Fund and Younan

17

Properties. Considering this issue only as it pertains to the cost award, we agree.

## A. Relevant Legal Principles

¶ 40    While we generally review a trial court's decision to award costs for an abuse of discretion, *Valentine*, 252 P.3d at 1187, we review de novo any legal conclusions that provide the basis for such an award, *Waugh v. Veith*, 2025 COA 41M, ¶ 9.

¶ 41    And, again, contract interpretation presents a question of law that we review de novo, *French*, ¶ 24, with a primary goal of discerning and effectuating the parties' intent based on the language of the instrument, *Rocky Mountain Expl.*, ¶ 59.

## B. Application

¶ 42    In its decision on the merits, the trial court concluded that Northcreek Fund and Younan Properties were also liable for Commonwealth's damages on its misrepresentation claim. Accordingly, when the court entered the award of Commonwealth's attorney fees and costs, it concluded that Northcreek Fund and Younan Properties, along with Northcreek, were jointly and severally liable for those fees and costs.

18

¶ 43    Because we conclude in the merits appeal that there is no basis to enter judgment against Northcreek Fund or Younan Properties, as they were not parties to the owner's affidavit but merely signed it as agents on behalf of a disclosed principal, *Commonwealth Land Title Ins. Co.*, No. 24CA1736, slip op. at ¶¶ 40-43 — there likewise is no basis to enter an award of costs against either entity.

¶ 44    Commonwealth's arguments to the contrary in this appeal rely on the following allegations:

- Younan Properties is the manager of Northcreek Fund, which was the sole member of Northcreek.

- Northcreek has been voluntarily dissolved with the Colorado Secretary of State.

- The entities shared common officers, and some expenses incurred by Younan Properties were charged to Northcreek.

- Younan Properties was involved in the management of the properties.

- Northcreek owned the properties, but Northcreek Fund received the proceeds of the transaction and was the entity with investors.

¶ 45   While these allegations might potentially support a claim to pierce the corporate veil, which would allow a court to disregard the corporate form and impose liability on Northcreek Fund and Younan Properties, Commonwealth never asserted such a claim, and the trial court didn't make any findings on this issue. *See JW Constr. Co. v. Elliott*, 253 P.3d 1265, 1269 (Colo. App. 2011) (noting that while veil piercing might allow a court to disregard the corporate form, the trial court "made no findings regarding piercing of the corporate veil and the [third-party plaintiffs] did not plead or ask for relief under that theory").

¶ 46   Accordingly, we reverse the portion of the trial court's order concluding that Northcreek Fund and Younan Properties are jointly and severally liable for Commonwealth's costs.

## V.   Appellate Attorney Fees

¶ 47   Lastly, Commonwealth seeks to recover its appellate attorney fees and costs as the prevailing party in the appeal. Based on our disposition of the appeal, we decline to award such fees or costs.

## VI.   Disposition

¶ 48     The order is reversed to the extent that it awarded attorney fees to Commonwealth and awarded costs against Northcreek Fund and Younan Properties.  In all other respects, including as to the award of $25,556.53 in costs to Commonwealth and against Northcreek, the order is affirmed.

JUDGE PAWAR and JUDGE JOHNSON concur.